IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| STEWART, JAMES | CASE NUMBER 1:18-cv-03916 |
| Plaintiff | Judge Charles R Norgle Sr |
| V | Magistrate Judge Michael T. Mason |
| CREDIT CONTROL, LLC and employee | |
| RESURGENT CAPITAL SERVICES | |
| (RESURGENT) and employee | FILED |
| EXPERIAN INFORMATION SOLUTIONS INC. | DEC 28 2018 EW |
| (EXPERIAN) and employee | THOMAS G. BRUTON |
| LVNV FUNDING LLC (LVNV) | CLERK, U.S. DISTRICT COURT |
| Defendants | |

MOTION FOR HEARING LVNV OBJECTIONS TO PRODUCTION AND INTERROGATORIES

OBJECTIONS TO PRODUCTION

1. COMES NOW the Plaintiff James Stewart who herein submits his request for a Motion for a Hearing of objections to Production request and Interrogatories.

2. On September 24, 2018 Plaintiff served the Defendant LVNV Request for production pursuant to Federal Rules of Civil Procedure (FRCP) Rule 34, Defendant responded to the request November 12, 2018, in the response Defendant objected to 9 request out of 17 with 4 of the objected request, Defendant responded with a claim of privilege and would not produce the materials unless a protective order was issued, after getting the Protective Order granted December 7, 2018, Plaintiff now moves this court for a hearing on Defendants objections to Production and Interrogatories

Page 3 of 11

Thursday, December 27, 2018

3.  Defendant LVNV has objected to Production request numbers 6,7,8,9,11,12,13,14,and 15 for the following reasons Plaintiff request this court to compel Defendant to respond to the request for Production.

REQUEST NO 6:

Please produce all policy manuals, procedure manuals, or other documents, which address your policies, practices, or procedures when collecting past due accounts.

This request is essential to document weather Defendant LVNV actually investigated Plaintiff disputes or if the computer system LVNV used, is programmed to just have its computer system verify that the information in its system, is the information in its system or weather the practices or procedures are in line with the FCRA 15 U.S.C. 1681s-2b which describe the process of reinvestigating of disputes received from a CRA. Also the FDCPA violation of 1692e(2)(8)and (10) are claims for violations by LVNV which the policies, practices, or procedures can determine just what do LVNV do with disputes because Plaintiff belief is that THE computer system used by LVNV is setup to ignore disputes , and providing the requested information would show if LVNV actually reinvestigate disputes or not.

REQUEST NO 7:

Please produce all materials, including video and audio tapes, pertaining to training by or for the Defendant and its employees regarding the Fair Debt Collection Practices Act, and the Fair Credit Reporting Act.

This request is paramount because this will show if the Defendant is following the rules of the FDCPA AND FCRA or weather Defendant is using a computerized system that is programmed

to follow the FDCPA and FCRA rules.

REQUEST NO 9:

Produce the forward flow contract agreement for the purchase of the account LVNV alleges to be the plaintiff account un-redacted.

This request goes to the heart of just what did LVNV purchase because as of yet Defendant LVNV has not validated the allege account but continues to destroy Plaintiff ability to received credit and is causing un-repairable damage to his ABLILTY TO GAIN CREDIT by reporting an account it refuse to validate. Also Defendant objection of this request violated FRCP 37(b)(2) " Unacceptable Excuse for Failing to Act. A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable unless the party failing to act has a pending motion for a protective order under Rule 26(c)" by claiming the information is confidential without a motion for confidential agreement on the docket the Defendant LVNV has violated FRCP 37(b)(2).

REQUEST NO 13:

Please produce copies of all of your current balance sheets and financial statements.

This request is reasonably calculated to lean to discovery that will determine if the Defendant LVNV can compensate Plaintiff because LVNV has stated it has no insurance that would be used to settle this claim.

REQUEST NO 14:

Please produce copies of your income tax returns for the past three (3) years.

This request is reasonably calculated to lead to the discovery of admissible evidence that will determine if the Defendant LVNV can compensate Plaintiff, because LVNV has stated it has no insurance that would be used to settle this claim.

REQUEST NO 15:

Please produce copies of all of your quarterly profit and loss statements for the past three (3).

This request is reasonably calculated to lean to discovery that will determine if the Defendant LVNV can compensate Plaintiff, because LVNV has stated it has no insurance that would be used to settle this claim.

REQUEST NO 18

PRODUCE THE contract, assignment, Accounts Purchasing Agreement of Forward flow Agreement (unredacted), between defendant LVNV and the "original creditor" or "seller" the alleged account for which LVNV was trying to collect from Plaintiff James Stewart.

This request if fundamental in getting to the heart of the dispute, Defendant LVNV claim ownership of the allege account, Plaintiff requested validation of the allege account (competent evidence that Plaintiff have some contractual obligation to pay LVNV), as a maxim of law would state, prove it, which can only be done by producing the Accounts Purchasing Agreement

Thursday, December 27, 2018

and in doing so determine just what if anything Plaintiff owes LVNV who alleges to have purchase the allege account.

REQUEST 19

Produce the "bill of sale" (unredacted), for the purchase of the alleged account for which LVNV was trying to collect from Plaintiff James Stewart.

Again Plaintiff claims relate to weather Defendant LVNV conducted a reasonable investigation of Plaintiff dispute, and validation of the allege account which request Defendant produce competent evidence that Plaintiff have some contractual obligation to pay LVNV.

REQUEST 20

Produce copies of any written or electronic communication between LVNV and "original creditor" or "seller" regarding the alleged account LVNV was trying to collect from Plaintiff James Stewart.

This request is at the core of Plaintiff James Stewart claim that LVNV didn't validate the allege account and just continue reporting to the consumer reporting agencies'. After receiving a dispute and request for validation.

REQUEST 23

Produce all compliance and or procedure manuals LVNV use to train employees engaged in the collection process used in the attempt to collect an alleged debt from Plaintiff James Stewart.

Thursday, December 27, 2018

Page 7 of 11

This is another core issue as it relates to LVNV compliance and procedures used when a consumer disputes an account, how does LVNV conduct investigation of disputes, and compliance & procedures used to certify the release of consumer reports.

REQUEST 24

Produce the subscriber agreements currently in force between LVNV and each of the three CRAs, (TransUion, Equifax, and Experian).

These agreements are central to weather LVNV agents had a legitimate purpose to gain access to Plaintiff consumer report and weather LVNV and / or EXPERIAN was aware the agents didn't have a permissible purpose to pull Plaintiff consumer report.

REQUEST 28.

Produce all court records connected with any litigation brought against LVNV, by a governmental agency ie; FTC, CFPB, STATE of…, United States, FCC etc., in the past five years.

This request is relative because Defendant LVNV deals with consumers by the thousands an may be a danger to the public financial health if there is a consent decrees.

SUPPPLEMENTAL TO REQUEST FOR INTERROGATORIES

REQUEST FOR INTERROGATORIES

2  Identity of each and every person who took part in any way in the "investigation(s)" of Plaintiff James Stewart dispute(s).

Defendant claim the word investigation is not defined, Plaintiff use of the word "investigation" as defined from Merriam Webster dictionary : to observe or study by close examination and systematic inquiry: to make a systematic examination especially: to conduct an official inquiry. Also as define in the FCRA 1681s-2b.

(b) Duties of Furnishers of Information upon Notice of Dispute

(1) *In general.* After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–

(i) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

5. What is the name of the software used in relation to LVNV "batch interface system" or connected with their interaction with the e-Oscar system?

What is the name of the software and /or hardware used to communicate to the Consumer Reporting Agencies computer system by LVNV

8. With respect to LVNV affirmative defenses raised in your Answer to plaintiff's Complaint, provide each and every fact on which each defense is based; identify all persons from whom information was obtained in support of LVNV assertion of each affirmative defense; and identify the location and content of all documents on which LVNV in support of each affirmative defense.

Affirmative defense 1 bona fide error defense

Affirmative defense 2 12b(6) fail to state a claim

Affirmative defense 3 permissible purpose defense

Affirmative defense 4 setoff defense

Affirmative defense 5 failure to mitigate defense

Affirmative defense 6 FCRA and FDCPA DEFENSES

Affirmative defense 7 Arbitration Defense

This request is reasonably calculated to lead to discovery of information that will be admissible in defending Plaintiff case, and request this court to compel Defendant LVNV to respond to this requested interrogatories.

WHEREFORE Plaintiff respectfully request this court compel LVNV to respond to Plaintiff James Stewart request for Production and Interrogatories and provide any other relief this court see fit.

Respectfully submitted

/s/James Stewart
James Stewart
8132 S Harvard
Chicago Illinois 60620
312 217 0492
Cnajames1961@yahoo.com

Thursday, December 27, 2018

Page 10 of 11

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2018 a copy of the foregoing document to be email to

attorneys of record and to counsel for LVNV by U.S mail to;

Jamie N. Ward
jamieward@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL 60601.1692
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585

Nabil G. Foster
Lindsey Conley
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
nfoster@hinshawlaw.com
lconley@hinshawlaw.com

Patrick A. Watts, Esq.
Watts Law Group, LLC
212 S. Bemiston Ave., Suite 200
Clayton, MO 63105
Tel: 618-520-6477
E-mail: pwatts@swattslaw.com