IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 18-cv-3916 |
| ) | |
| CREDIT CONTROL, LLC; RESURGENT ) | Judge: Charles R. Norgle |
| CAPITAL SERVICES; EXPERIAN ) | |
| INFORMATION SOLUTIONS, INC.; and ) | Magistrate Judge: Jeffrey Cummings |
| LVNV FUNDING LLC, ) | |
| ) | |
| Defendants. ) | |

## RESURGENT CAPITAL SERVICES L.P. AND LVNV FUNDING LLC RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Defendants, RESURGENT CAPITAL SERVICES LP, and LVNV FUNDING LLC by and through their attorneys, HINSHAW & CULBERTSON, LLP, state the following in opposition to the Plaintiff's motion to compel (Dkts. # 90, 91 and 92):

1. The discovery process in this case has become vexatious and frustrating, such that the phrase "one step forward, two steps back" quickly comes to mind. Plaintiff has filed unnecessary discovery motions for the purposes of harassment or sport in an ill-conceived notion of the standards that apply and guide the litigation process in this Court. Plaintiff's motions seek to revisit discovery disputes already resolved by this Court on March 3, 2019, April 25, 2019 and May 31, 2019, when the Court considered all discovery matters and deemed all of the Plaintiff's discovery disputes resolved or concluded.

2. The Court's May 31, 2019 order referenced the Court's order of March 7, 2019 stating "Separately, all defendants are required on or before 5/31/19 to fully comply with this Court's 3/7/19 order to the extent that they have not done so already." Defendants produced the discovery requested, so the Plaintiff's motions to compel discovery (Dkts. # 90, 91 and 92) are meritless and an abuse of the discovery process.

3. The Court's 3/7/19 order (Dkt. 82) referenced only two areas for completion of discovery by the Defendants. First, Experian was to produce hundreds of pages of documents that it had already agreed to produce. Second, Plaintiff was granted leave to issue requests for admission only to Defendants Credit Control and Resurgent. There was no other discovery to be completed by the Defendants according to the March 7, 2019 order (and, thus, also the May 31, 2019 order).

4. Experian produced the documents on May 31, 2019 as explained in Experian's response (Dkt. 99) to Plaintiff's meritless motion to compel.

5. Resurgent timely responded to Plaintiff's requests for admission on April 18, 2019. Thus, the discovery to be completed in the 3/7/19 order has been completed.

6. Plaintiff's motion to compel against Resurgent does not seek answers to the already answered request for admission; rather, Plaintiff seeks to revisit discovery issues this Court has already considered and upon which a ruling was made to deem all the discovery disputes resolved or concluded at the hearing on April 25, 2019. The Court's discovery ruling on April 25, 2019 was after the Court had made a careful *in camera* review of ALL the documents produced and the discovery answers from Defendants.

7. On April 25, 2019, this Court conducted a hearing on the discovery disputes between the parties. After the Court's review of all the discovery answers, the Court heard oral argument and at the conclusion of that hearing, the Court told Plaintiff that all of the discovery issues Plaintiff raised were deemed resolved or concluded by the Court and no further discussion about Plaintiff's disputes would be heard. However, Plaintiff continues to seek to create discovery disputes even after they have been deemed resolved or concluded.

8. Plaintiff's motions to compel discovery are meritless and Plaintiff's attempt to

argue that any more discovery is needed is a gross misrepresentation of the state of this case.

9. As part of this Court's order on May 23, 2019, Plaintiff was ordered to produce documents and answer interrogatories. Plaintiff answered some of the interrogatories, including the interrogatory that asked for ALL of Plaintiff's phone numbers, which the plaintiff had refused to provide. As expected, plaintiff disclosed (773) 874-8268 AND (773) 874-5659 as his phone numbers. These exact phone numbers were hand written on the credit application for the account at issue. Furthermore, Plaintiff disclosed his bank records from his account at Chase Bank showing the exact amounts of payments to the creditor (Capital One) that were shown on the credit card statement for the account at issue.

10. Additionally, Plaintiff has admitted that in 2002 he lived or used the address of 7822 S. Laflin St. # 3E Chicago, IL 60620, which is the address on the credit application that was submitted in 2002. Plaintiff also admitted that the company "ZTR CONSULTANTING" listed on the 2002 credit application did not exist, stating "this business never was a real business."

11. The information from Plaintiff and his production of his banking records, confirms the following facts are accurate, despite Plaintiff's attempts to avoid admitting these facts and to engage in meritless discovery disputes:

    a. Plaintiff completed and submitted the Visa business credit application that was addressed to him at his address of 7822 S. Laflin St. # 3E Chicago, IL 60620. Both of Plaintiff's phone numbers (773) 874-8268 and (773) 874-5659 were hand written on the completed application.

    b. The business name "ZTR CONSULTANTING" was hand written as the business name on the Visa business credit application and James Stewart was identified as the owner of this "sole proprietorship" company, which Plaintiff now admits never existed: "this business never was a real business."

    c. Plaintiff was sent a Visa business credit card with an account ending in 6488 and that credit card was used to make purchases as reflected on the credit card

statements addressed to Plaintiff's name and the company name "ZTR CONSULTANTING" at an address the Plaintiff has confirmed is his address.

d. Plaintiff made on-line electronic payments on the Visa business credit account ending in 6488, as reflected on the credit card statements addressed to his name and the company name "ZTR CONSULTANTING" at an address the Plaintiff has confirmed is his address.

e. The exact amounts of the on-line payments and the dates of those payments on the Visa business credit card account statements match Plaintiff's Chase Bank records for his bank account. The correlation of the bank payment information with the account statements conclusively proves the Plaintiff made payments on the account originally opened for him by Capital One Bank.

12. The inescapable truth established by these facts is that Plaintiff applied for the Visa account, used the Visa account, made some payments on the Visa account and failed to pay the entire amount owed on the Visa account.

13. Almost one year ago, near the beginning of this case, Defense counsel wrote to Plaintiff on June 29, 2018 asking him to dismiss this case and advising the pro-se Plaintiff to read a case directly on point. Defense counsel wrote:

> Please go to the law library and look up the following case: Grant v. RJM Acquisitions Funding, LLC, 2013 U.S. Dist. LEXIS 85120, *4, 2013 WL 3071249. (I attach a copy for you in case you are not able to find it in the law library.) In the Grant v. RJM case, you will read a section about the Fair Credit Reporting Act and permissible purposes that is relevant to the FCRA claims in your complaint. The reasoning in the Grant v. RJM case defeats your claims and I ask you to dismiss the case with prejudice before the defendants incur any more legal fees in response to your complaint. The court states: "A debt collector obtains a consumer's credit report with a permissible purpose when the debt collector 'intends to use the information in connection with . . . collection of an account of the consumer.' 15 U.S.C. § 1681b(3)(A); Miller v. Wolpoff & Abramson, LLP, 309 F. App'x. 40, 43 (7th Cir. 2009)" Grant v. RJM Acquisitions Funding, LLC, 2013 U.S. Dist. LEXIS 85120, *4, 2013 WL 3071249.

14. Obviously, the Plaintiff refused to dismiss his claim about whether the defendants had a permissible purpose for the credit information obtained from Experian, despite having been told that this Court has found that "collection of an account of the consumer" is a permissible purpose.

4

15. The Plaintiff's three motions to compel discovery are without merit and represent an unreasonable abuse of the discovery process to prolong this case, to increase the defense costs of the Defendants and to waste the time of this Court.

WHEREFORE, Defendants RESURGENT CAPITAL SERVICES LP and LVNV FUNDING LLC, request that this Court deny Plaintiff's motions (Dkt #s 90, 91, and 92). Defendant also asks this Court to grant it any other relief it deems fair and just.

Dated: June 25, 2019

HINSHAW & CULBERTSON LLP

By: */s/ Nabil G. Foster*
Nabil G. Foster
Hinshaw & Culbertson LLP
151 North Franklin Street
Suite 2500
Chicago, IL 60601-1081
Tel:312-704-3000
Fax:312-704-3001
E-mail:nfoster@hinshawlaw.com

## CERTIFICATE OF SERVICE

      I, Nabil Foster, an attorney, certify that I shall cause to be served a copy of **DEFENDANTS RESURGENT CAPITAL SERVICES LP and LVNV FUNDING LLC'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL** upon the following individual(s), by deposit in the U.S. mail box at 151 North Franklin Street, Chicago, Illinois 60606, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this on June 25, 2019.

| | | |
|---|---|---|
| ___ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ___ | Facsimile | James Stewart |
| ___ | Federal Express | 8132 S. Harvard |
| _X_ | E-Mail & U.S. Mail | Chicago, IL 60620 |
| ___ | Messenger | Phone (312) 217-0492 |
| | | Cnajames1961@yahoo.com |

*Counsel for Experian*
Jamie N. Ward
JONES DAY
77 West Wacker
Chicago, IL 60601.1692
Telephone: +1.312.782.3939
E-mail: jamieward@jonesday.com

*Counsel for Credit Control LLC*
Patrick A. Watts, Esq.
Watts Law Group, LLC
212 S. Bemiston Ave., Suite 200
Clayton, MO 63105
Tel: 618-520-6477
E-mail: pwatts@swattslaw.com

| | |
|---|---|
| Nabil G. Foster |   */s/ Nabil G. Foster* |
| Lindsey Conley | Nabil G. Foster |
| HINSHAW & CULBERTSON LLP | One of the Attorneys for Defendants |
| 151 North Franklin Street, Suite 2500 | LVNV Funding, LLC and Resurgent Capital Services LP |
| Chicago, IL 60606 | |
| Telephone: 312-704-3000 | |
| Facsimile: 312-704-3001 | |
| nfoster@hinshawlaw.com | |
| lconley@hinshawlaw.com | |