**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES STEWART,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No.  18 C 3916** |
| | ) | |
| **v.** | ) | **District Judge Charles R. Norgle, Sr.** |
| | ) | |
| **CREDIT CONTROL, LLC** *et al.,* | ) | **Magistrate Judge Jeffrey Cummings** |
| | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff James Stewart has filed a motion for recusal pursuant to 28 U.S.C.

§§455(a) and (b)(1).  Plaintiff asserts that this Court has "creat[ed] an avalanche of destruction to

plaintiff's case" by allowing counsel for defendants LVNV Funding LLC and Resurgent Capital

Services to send *ex parte* communications and denying plaintiff access to those communications.

Plaintiff further asserts this Court showed partiality towards counsel for LVNV and Resurgent by

acknowledging him as an "officer of the court," accepting counsel's representation that

defendants do not have an "accounts purchasing agreement" that plaintiff claims that defendants

must have, and by declining to prepare findings of fact and conclusions of law when the Court

denied plaintiff's motion to compel the production of the document in question.  Finally, plaintiff

contends that this Court is prejudiced against him because the Court is a lawyer who is protecting

defense counsel (another lawyer) from having to produce meaningful discovery.  Defendants

object to plaintiff's motion.

Recusal is required under Section 455(a) "only where a judge's [partiality] might

'reasonably be questioned.   The inquiry is objective, from the point of view of a reasonable

person with access to all of the facts." *New York City Development Corp. v. Hart,* 796 F.2d 976,

980 (7th Cir. 1986); *Ramirez v. Elgin Pontiac GMC, Inc.,* 187 F.Supp.2d 1041, 1044 (N.D.Ill. 2002) ("This inquiry is made based on a reasonable person standard, as opposed to a hypersensitive or unduly suspicious person, . . . so as to avoid a system of preemptory strikes and judge shopping") (internal quotation marks and citations omitted). The question under Section 455(b)(1) "is whether a reasonable person would be convinced that the judge was biased" and recusal "is required only if actual bias or prejudice is proved by compelling evidence." *Brokaw v. Mercer City,* 235 F.3d 1000, 1025 (7th Cir. 2000) (internal quotation marks omitted). Magistrate judges are obligated not to recuse themselves without reason just as they are obligated to recuse themselves if there is a valid reason. *Hart,* 796 F.2d at 981; *Ramirez,* 187 F.Supp.2d at 1044. This Court has discretion in the first instance to determine whether it should recuse itself. *See, e.g., In re Drexel Burnham Lambert Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988).

The sequence of events that led to this motion occurred as follows. By its March 7, 2019 Order [#82], this Court directed plaintiff to provide all defendants with a letter clearly outlining what discovery remained at issue, including discovery disputes raised in his previously filed motions to compel [#90, 91, 92] and any e-mail correspondence. The March 7 Order further directed the parties to meet and confer regarding the discovery disputes and for defense counsel to subsequently provide the Court with copies of defendants' responses to request to produce, interrogatories, and requests to admit, along with cover letters outlining what they had produced to plaintiff and what disputes remained between themselves and plaintiff. The purpose of the March 7 Order was to facilitate the Court's resolution of the parties' disputes regarding plaintiff's discovery requests that were raised by plaintiff's motions to compel.

Defense counsel timely submitted their clients' discovery responses and cover letters to the Court and the Court held a lengthy discovery hearing on April 25, 2019 to address plaintiff's

concerns about the discovery he received. Plaintiff acknowledged during the April 25 hearing

that he had received all the documentation that he had requested from defendants Experian and

Credit Control. 4/25/19 Transcript [#128], at 4-9. However, there was an extended colloquy

regarding whether LVNV and Resurgent had produced all the responsive documents that

plaintiff believed existed. Defense counsel represented that the documentation that plaintiff was

seeking did not exist and the Court denied plaintiff's motion to compel LVNV and Resurgent to

produce additional documentation based upon the Court's reliance on counsels' representations

as officers of the court. 4/25/19 Transcript, at 15-18.

On July 3, 2019, plaintiff filed a "motion to reconsider motion to compel Resurgent and

LVNV to produce the balance of discovery" [#113]. In his motion, plaintiff renewed his request

for additional discovery from these defendants and informed the Court for the first time that he

had not received a copy of the cover letter that defendants submitted to the Court pursuant to the

Court's March 7 Order. During the July 11, 2019 hearing on plaintiff's motion, the Court

indicated that it had presumed - - even though it did not expressly order - - that defense counsel

would provide their cover letters to plaintiff and that any unclarity in this respect was the Court's

responsibility. 7/11/19 Transcript [#129], at 2-3. Counsel for Resurgent and LVNV provided

plaintiff with a copy of their cover letter in open court (7/11/19 Transcript, at 12-13), and there

was another extended colloquy regarding the adequacy of Resurgent and LVNV's response to

plaintiff's requests for production. Plaintiff once more insisted that defendants produce their

"accounts purchasing agreement," defense counsel once more insisted that such a document did

not exist within his clients' files, and this Court once more accepted defense counsel's

representation regarding the non-existence of the document. 7/11/19 Transcript, at 7-8, 19-32.

The Court did, however, grant plaintiff's motion to reconsider in part by ordering Resurgent and

LVNV to produce additional documents in response to plaintiff's request for production no. 6 [#116]. The hearing ended with plaintiff thanking the Court for its patience. 7/11/19 Transcript, at 35.

Given the above facts, there is no basis for recusal under either Section 455(a) or Section 455(b)(1) for the following reasons. First, plaintiff has received all documentation that counsel for Resurgent and LVNV submitted to the Court and he identified no actual prejudice that he suffered due to the inadvertent delay in his receipt of counsel's cover letter. To the contrary, the Court conducted two lengthy hearings dedicated to plaintiff's discovery issues, plaintiff has received hundreds of pages of documents in response to his production requests to these defendants, and the Court granted in part plaintiff's motion to reconsider to require defendants to produce additional documentation.

Second, this Court was entitled to rely on defense counsel's representations regarding the documentation possessed by their clients. As officers of the court, counsel have a duty to respect the system of justice and to set forth "a fair and accurate presentation of the facts and law." *See, e.g., Fuery v. City of Chicago,* 900 F.3d 450, 454 (7th Cir. 2018) (recognizing "a trial judge's faith that she can rely upon the lawyers before her – officers of the court – to set forth a fair and accurate presentation of the facts and law"); *Wagner v. Williford,* 804 F.2d 1012, 1017 (7th Cir. 1986) ("While attorneys are advocates, they are also officers of the court. Their duty to their clients cannot override their duty to respect the system of justice"). For this reason, the Seventh Circuit has repeatedly held that courts are entitled to rely "on the statement of an officer of the court." *Stafford v. Mesnik,* 63 F.3d 1445, 1449 (7th Cir. 1995); *Briggs v. Marshall,* 93 F.3d 355, 359 (7th Cir. 1996) ("We take him at his word given that he is an officer of the court").

4

Third, the Court was not required to prepare findings of fact and conclusions of law to document its denial of plaintiff's motions to compel and for reconsideration. Federal Rule of Civil Procedure 52(a)(3) itself makes this clear. Fed.R.Civ.P. 52(a)(3); *see also Jewel Tea Co. v. Kraus,* 204 F.2d 549, 550 (7th Cir. 1953) ("Rule 52(a) provides that findings are unnecessary on motions"). Moreover, this Court was not required – as plaintiff asserts – to compel Resurgent and LVNV to produce an "asset purchase agreement" because such a document "does not exist" within defendants' files. *Acosta v. JY Harvesting, Inc.,* No. 17-CV-1225-CAB-WVG, 2017 WL 3237654, at *3 (S.D.Cal. Aug. 10, 2017).[1]

Finally, the fact that this Court ruled against plaintiff with respect to an aspect of his document production request does not establish "prejudice." As the Seventh Circuit has made clear, plaintiff "must prove actual bias by compelling evidence, . . . and 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" *Reed v. Lawrence Chevrolet, Inc.,* 14 Fed.Appx. 679, 687-88 (7th Cir. 2001), *quoting Liteky v. United States,* 510 U.S. 540, 555 (1994) (citation omitted); *Montgomery v. Village of Posen,* 711 Fed.Appx. 343, 345-46 (7th Cir. 2018).

---

[1] The cases that plaintiff cites are distinguishable because the parties in those case agreed that the documents in question (such as a "purchase and sale agreement") actually existed; instead, they disagreed about whether the documents were discoverable. *See Gold v. Midland Credit Management, Inc.,* No. 13CV02019WHOMEJ, 2014 WL 767732, at *2 (N.D.Cal. Feb. 20, 2014) (citing *Trevino v. ACB American, Inc.,* 232 F.R.D. 612, 615-16 (N.D.Cal. 2006)).

## CONCLUSION

For all of the above reasons, plaintiff's motion for recusal [#117] is denied.


_____
**Hon. Jeffrey Cummings**
**United States Magistrate Judge**

**Dated:  August 7, 2019**