IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES STEWART | ) | |
| | ) | |
| **Plaintiff** | ) | No.  18 C 3916 |
| | ) | |
| v. | ) | District Judge Charles R. Norgle |
| | ) | |
| **CREDIT CONTROL LLC,** *et al.* | ) | Magistrate Judge Jeffrey Cummings |
| | ) | |
| **Defendants** | ) | |

## ORDER

Defendants' motion for sanctions [143] is denied without prejudice.  Plaintiff's motions for sanctions [152, 155] are denied.

## STATEMENT

On October 29, 2019, this Court ordered that plaintiff's deposition should take place on December 3, 2019.  [141].  The Court directed the time and place of the deposition and further limited Defendant Credit Control to no more than 30 minutes of questioning of plaintiff.  Defendants' counsel sent plaintiff an email on December 2, 2019 at 1:33 p.m. reminding him of the December 3 deposition.  At 5:18 p.m., however, plaintiff responded by email stating that he would not appear for the December 3 deposition pursuant to Fed.R.Civ.P. 28(c).  [Dckt. 143 at Ex. C].  Plaintiff – who is proceeding pro se in this matter – further stated as follows:

> DISQUALIFICATION.  A deposition must not be taken before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action.
>
> In the case at bar Plaintiff STEWART, JAMES is related to Stewart, James.
> Stewart, James is the advocate for STEWART, JAMES.
> Stewart, James has a financial interest in the STEWART, JAMES action.
> For all the above reasons Stewart, James must decline being deposed.  [Dckt. 143 at Ex. D].

On January 6, 2020, Defendants filed a motion for sanctions asking the Court to dismiss this action as a sanction pursuant to Rule 37(d)(1)(A) and Rule 41(b).  Defendants also seek an award of reasonable attorneys fees and costs related to the court reporter they scheduled for the December 3 deposition.  In response, plaintiff claims that he was entitled to cancel his deposition because defendants failed to provide him with the "Forward Flow Receivable Sale Agreement" showing that defendant LVNV purchased the credit account that forms that basis of this dispute.  Plaintiff claims that requiring him to be deposed without this document would violate his Due

Process rights. Plaintiff further states that this Court has shown personal bias against him and should recuse itself from further consideration of his case.

The Court held a hearing on defendants' motion on January 28, 2020 and finds that plaintiff has failed to show good cause for violating this Court's order to appear for his deposition on December 3, 2019. Plaintiff's reliance on Fed.R.Civ.P. 28(c) is unavailing. Rule 28(c) prohibits depositions from being taken "before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action." Plaintiff interprets this Rule to mean that a pro se litigant is exempted from appearing for a deposition because he is both a litigant and his own advocate, is related to himself, and has a financial interest in the lawsuit's outcome. Rule 28, however, does not address a party's relationship to himself or other parties. It concerns the officer "before" whom the deposition is taken and who administers oaths. *See* Fed.R.Civ.P. 28(a)(1) (stating that "a deposition must be taken before" either an officer authorized to administer oaths or a person appointed by the court where the action is pending); *Duncan v. Husted,* No. 2:13-CV-1157, 2015 WL 1540550, at *1 (S.D.Ohio Apr. 7, 2015) ("Under Rules 28 and 30, the notary – that is, the 'officer' who is authorized to administer the oaths and take testimony – is the person before whom the deposition is taken"). Indeed, plaintiff's unsupportable interpretation of Rule 28(c) would yield the untenable conclusion that pro se litigants could never be deposed.

Plaintiff's reliance on the "Forward Flow Receivable Sale Agreement" also fails to show good cause for refusing to be deposed. This document concerns a bill of sale showing that LVNV purchased a portfolio of accounts from plaintiff's original lender and is the legal owner of his account. Plaintiff argued on various occasions that the bill of sale that LVNV produced was inadequate but the Court determined on June 26, 2019 that defendants had fully responded to all of plaintiff's discovery requests. [104]. Even if that were not the case, plaintiff had no right to cancel the December 3, 2019 deposition: the Court ordered him to appear, and plaintiff was bound by that directive regardless of whether defendants had produced the document in question.

Plaintiff's allegations that the Court has shown personal bias toward him and should recuse itself is also unfounded. On July 16, 2019, plaintiff filed a motion raising identical claims and asking the Court to recuse itself from further consideration of his case. The Court issued a memorandum opinion on August 7, 2019 [131] explaining that its rulings against him were not evidence of bias and denying his motion for recusal. *See Reed v. Lawrence Chevrolet, Inc.*, 14 Fed.Appx. 679, 687-88 (7th Cir. 2001) (stating that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion") (internal quotes and citation omitted). The Court's reasoning in its prior order applies here as well.

The Court therefore agrees with defendants that plaintiff has failed to show good cause for not appearing for his deposition. Federal Rule 37(d) states that a party's failure to appear for its own deposition may warrant the dismissal of the party's case plus the payment of reasonable expenses and attorney's fees. Fed.R.Civ.P. 37(d)(3); *see also Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 666 (7th Cir. 2006); *Jenkins v. Miles*, 553 Fed.Appx. 638, 640-41 (7th Cir. 2014). The Court advised plaintiff at the hearing of these possible consequences. The Court also stated, however, that it would deny defendants' motion without prejudice –at this time – and offer plaintiff one last opportunity to comply with his discovery requirements.

Accordingly, plaintiff is ordered to sit for his deposition by February 18, 2020. Defendants shall provide plaintiff with a list of available dates for the deposition by January 29, 2020. Defendant Credit Control is again limited to 30 minutes of questioning. Defendants provided the Court and plaintiff with a list of 21 deposition topics and the Court advised plaintiff that he should be prepared to respond to all topics on that list. The Court also advised plaintiff that defendants' questions are *not* limited to these 21 deposition topics. Defense counsel are authorized to question plaintiff "regarding any nonprivileged matter[1] that is relevant to any party's claim or defense" as provided in Federal Rule of Civil Procedure 26(b)(1).

**Plaintiff is therefore strictly ordered to appear for his deposition on or before February 18, 2020 at a date and time mutually agreed to by the parties and to answer the questions posed to him by defendants. Any refusal to respond to defense counsel's questions – or to fail to appear for the deposition within the specified time period – will permit defendants to renew their motion for sanctions and will result in serious consequences up to and including the dismissal of this case and an order requiring plaintiff to pay the attorney's fees and expenses that defendants have incurred as a consequence of their efforts to take plaintiff's deposition.**

In addition to defendants' motion, plaintiff has filed two motions for sanctions. The first [155] is identical to plaintiff's prior motion for sanctions [101] which this Court denied on June 26, 2019. [104]. The motion is denied with prejudice for the reasons stated in the Court's prior order.

Plaintiff's second motion [152] claims that defendants LVNV and Resurgent should be sanctioned pursuant to Rule 26(g)(3) because their December 13, 2018 interrogatory responses were improperly verified. Plaintiff did not attach the verification forms to his motion but claims that the verifying parties for both defendants failed to provide their address, e-mail address, and phone number. Rule 26(g)(1) requires discovery responses to contain such information "by at least one attorney of record in the attorney's own name." Defendants' counsel informed the Court that he provided plaintiff with the information required by Rule 26(g)(1). That satisfies the requirements of Rule 26(g)(3), and plaintiff's motion for sanctions [152] is denied.

ENTER:

_____
**Hon. Jeffrey Cummings
United States Magistrate Judge**

**Dated: January 29, 2020**

---

[1] Since plaintiff is proceeding *pro se* and has never been represented by counsel in this case, the attorney-client privilege has no application and it is unclear that there is any other potentially applicable and legitimate privilege that plaintiff could attempt to rely upon to avoid answering defense counsel's questions during his deposition.