```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

JAMES STEWART,                      )  No. 18 C 3916
                                    )
          Plaintiff,                )
                                    )
     vs.                            )  Chicago, Illinois
                                    )
CREDIT CONTROL, LLC, RESURGENT      )
CAPITAL SERVICES, EXPERIAN          )
INFORMATION SOLUTIONS, INC., and    )
LVNV FUNDING LLC,                   )
                                    )  September 24, 2019
          Defendants.               )  10:47 a.m.

                    TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HON. JEFFREY I. CUMMINGS, MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:    MR. JAMES STEWART, Pro Se


For Defendant
Credit Control:       MR. PATRICK A. WATTS
                      Watts Law Group, LLC,
                      150 South Wacker Drive, Suite 2400,
                      Chicago, Illinois  60606

For Defendant
Experian:             MS. TAYLOR M. GRODE
                      Jones Day,
                      77 West Wacker Drive, Suite 3500,
                      Chicago, Illinois  60601

For Defendants
Resurgent and LVNV:   MR. NABIL G. FOSTER
                      Hinshaw & Culbertson LLP,
                      151 North Franklin Street, Suite 2500,
                      Chicago, Illinois  60606



            Patrick J. Mullen, Official Court Reporter
                   United States District Court
              219 South Dearborn Street, Room 1412
                    Chicago, Illinois  60604
                         (312) 435-5565
```

1   THE CLERK:  18 C 3916, Stewart versus Credit Control,
2 et al.
3   THE PLAINTIFF:  Good morning.  James Stewart for James
4 Stewart.
5   THE COURT:  Good morning.
6   MR. FOSTER:  Good morning, Your Honor.  Nabil Foster
7 for LVNV and Resurgent.
8   MS. WARD:  Taylor Grode on behalf of Experian.
9   MR. WATTS:  Good morning, Your Honor.  Patrick Watts
10 on behalf of defendant Credit Control.
11   THE COURT:  Okay.  Good morning, everyone.
12   I wanted to check and see where we are on the status
13 of discovery.  I know, Mr. Stewart, you were to have your
14 deposition taken.  Has that taken place?
15   MR. FOSTER:  No, it hasn't, Your Honor.  We scheduled
16 it for two different dates in August.  Mr. Stewart said he
17 couldn't make the first date.  The second date we scheduled it
18 for, you may recall we scheduled it on Tuesdays or Thursdays so
19 that it would coincide with maybe some availability on your
20 behalf in the afternoon if we needed to consult with you.
21   Mr. Stewart refused to appear for the scheduled
22 deposition.  I spoke to him prior to the deposition, and he
23 told me that he was now trying to find counsel and that was the
24 reason he was not going to appear for the deposition.  So the
25 deposition did not take place.

1    We figured -- we thought we'd wait until the status
2 hearing to advise Your Honor of what was happening and perhaps
3 give Mr. Stewart time to find counsel because that's what he
4 said he was trying to do.  We certainly -- we can understand
5 that.  We're not trying to be difficult, but it's not fair for
6 us to have gone through this case thus far and then at this
7 late stage Mr. Stewart claims that he needs to find counsel and
8 that's the impediment to getting his deposition.  I feel that
9 he will not show up at any deposition going forward absent
10 direction from Your Honor that he needs to appear.
11    THE COURT:  Well, I did issue -- in my July 30th
12 order, I did say plaintiff, Mr. Stewart, is to be deposed by
13 August 30th.  So that's an order.  Now which dates did you have
14 them scheduled -- the deposition scheduled for?
15    MR. FOSTER:  The last date was August 27th.
16    THE COURT:  And what was the first date?
17    MR. FOSTER:  The first date was one of the earlier
18 Tuesdays in that period.  I don't remember off the top of my
19 head, but it was an initial date.  I think he told me he had a
20 funeral or something to attend so that date didn't work.  We
21 moved it to the 27th.  As we approached the 27th, I called in
22 anticipation to confirm his attendance, and that's when I was
23 told that he won't show up because he's looking for counsel.
24    THE COURT:  Okay.  Mr. Stewart, I want to hear from
25 you on this.  Are you in the process of searching for an

1 attorney?

2 THE PLAINTIFF: I talked to an attorney that I had in
3 another case to see if he would be there for my deposition, and
4 he said that he wouldn't be able to do that. Then I've called
5 the pro bono line to see if someone can help me, and they say
6 that they can't help me because it's too soon. So I don't
7 know.

8 THE COURT: You mean your deposition was scheduled --
9 THE PLAINTIFF: Yeah, I told them the date of my next
10 date, and they said: Well, that's too soon for us to be able
11 to help you.

12 I guess they have to look at the records before they
13 can do anything as far as representing me in a deposition.

14 THE COURT: Okay. Well, I'll tell you what I'm going
15 to do. I'm going to give you some time to find an attorney.
16 I'm going to set another status conference. If you don't have
17 an attorney by that next status conference -- and I'm looking
18 at giving you another four weeks to find an attorney -- then at
19 that next status conference I'm going to set a deadline for
20 your deposition to take place. I'm going to want everyone to
21 bring their calendars here to court. I'm going to set you for
22 a later time so that we can actually schedule your deposition
23 at that next status hearing, and I'm going to order that it
24 take place on that date.

25 Now, if it doesn't take place, you know, Mr. Stewart,

1 you have a couple of strikes already. If it doesn't take
2 place, then that's okay because we're looking forward. I'm
3 going to set this up so it works with your schedule and it
4 works with their schedule so that everything is lined up here
5 in court, and I'm going to expect that to proceed.
6     If you have a lawyer, if you get a lawyer in the next
7 30 days, then that lawyer should appear and he or she should
8 bring their calendar, too, so that we can all schedule that. I
9 think it's a great idea for you to get a lawyer, and it's not
10 too late. You know, everyone or most everyone is in better
11 hands with an attorney than they are trying to do it
12 themselves, so I think that's great. But in order to find
13 someone, you're really going to have to, you know, get on top
14 of that right now and use the time that I'm going to provide
15 for you to do that.
16     So, Ms. Franco, let's look at this. How does October
17 31st look?
18     THE CLERK: That's fine. 10:30?
19     THE COURT: October 31st at 10:30. So actually,
20 Mr. Stewart, you're going to have a little over 30 days to try
21 and find a lawyer, but if you don't find one the case is going
22 to move forward. The defense attorneys are entitled to take
23 your deposition. Just as you would have the opportunity and
24 you have the opportunity to take depositions of their personnel
25 if you choose to do that, they've expressed a desire to take

1 your deposition and that's what they are going to get. They're
2 going to be able to do that.
3 　　　　So we're going to schedule that date on the 31st.
4 We're going to schedule your deposition, and if it doesn't take
5 place for some reason there are going to be some consequences.
6 　　　　THE PLAINTIFF: Okay.
7 　　　　THE COURT: Go ahead.
8 　　　　THE PLAINTIFF: Can I say something?
9 　　　　THE COURT: Sure.
10 　　　　THE PLAINTIFF: I have some new issues, Your Honor.
11 　　　　THE COURT: Okay.
12 　　　　THE PLAINTIFF: It seems that Credit Control has
13 pulled my credit report again without my permission, and I'm in
14 the process of investigating just what happened in that issue.
15 　　　　THE COURT: Well, I don't know if the lawyers here are
16 in a position to address that.
17 　　　　THE PLAINTIFF: Well, I think that we should put a
18 stay on any more discovery until we discover what happened with
19 that issue.
20 　　　　THE COURT: I'm not going to do that.
21 　　　　THE PLAINTIFF: Okay.
22 　　　　THE COURT: You know, right now that's a separate
23 thing from this case. You're free to reach out to Credit
24 Control and try and find out what happened.
25 　　　　THE PLAINTIFF: I would like to. I would like to

1 amend my complaint to add another issue, that issue in my
2 complaint, Your Honor. That's what I would like to do.
3     THE COURT: Okay. Well, that's going to be something
4 that you're -- you're going to have to be responsible for
5 putting together such a motion yourself. But again, I think
6 the first step for you really is to see if you could find
7 yourself a capable attorney who's willing to take your case and
8 who can advise you about this.
9     But in the meantime, we're going to come back here on
10 October 31st, and we're going to schedule your deposition at a
11 time that you're available.
12     THE PLAINTIFF: So October 31st is the date I should
13 have an attorney if I'm going to get one?
14     THE COURT: You should have an attorney, and that
15 attorney should have filed their appearance and be here on the
16 31st if they're representing you. I don't want a situation
17 where you have an attorney and that attorney is not here on the
18 31st because we're going to -- we've got to keep this case
19 moving forward. Okay? That should give you plenty of time to
20 find someone. There are a lot of resources out there.
21     THE PLAINTIFF: And you said that the deposition will
22 be taken on that date?
23     THE COURT: No.
24     THE PLAINTIFF: Is that what you're saying?
25     THE COURT: We're going to schedule it on the 31st.

1  So you should bring your calendar --
2              THE PLAINTIFF:  Okay.
3              THE COURT:  -- so you're ready to tell us that this
4  particular date is fine with your schedule.  We'll make sure
5  it's fine with defense counsel's schedule.  So everything will
6  be lined up here in court, and then all you have to do is show
7  up and answer the questions.  That's all you'll have to do.
8  Okay?
9              THE PLAINTIFF:  Okay.
10             MR. WATTS:  Your Honor, would it be possible for
11 Credit Control just to coordinate with the other defense
12 counsel and provide dates --
13             THE COURT:  Sure.
14             MR. WATTS:  -- instead of necessarily appearing at
15 that status conference or in the alternative appearing by
16 telephone?  If it's just a scheduling issue, I'm confident that
17 that can be pre-coordinated, but if you want me here I'll be
18 here.
19             THE COURT:  As you know in this case, you never know
20 what might happen during a status hearing.
21             MR. WATTS:  Sure.
22             THE COURT:  So what I'm trying to do is minimize the
23 burdens on everyone in the case and at the same time try and
24 keep the case moving forward.  I would like for you to be here
25 because, you know, the deposition is going to take place.

1  MR. WATTS: Sure.
2  THE COURT: I'm sure that it will, and we'll make sure
3  that that happens. So I'd like for you to be here. Okay? So
4  I will see everyone on October 31st.
5  Mr. Stewart, again, I think you're making the right
6  move to try and find an attorney and I wish you best in finding
7  one to represent you, but one way or the other we're going to
8  move the case forward on the 31st. Okay?
9  THE PLAINTIFF: All right.
10  THE COURT: Thank you.
11  MR. WATTS: Thank you, Your Honor.
12  THE PLAINTIFF: All right. Thank you.
13  (Proceedings concluded.)
14  C E R T I F I C A T E
15  I, Patrick J. Mullen, do hereby certify the foregoing
16  is an accurate transcript produced from an audio recording of
17  the proceedings had in the above-entitled case before the
18  Honorable JEFFREY I. CUMMINGS, one of the magistrate judges of
19  said court, at Chicago, Illinois, on September 24, 2019.

*/s/ Patrick J. Mullen*
Official Court Reporter
United States District Court
Northern District of Illinois
Eastern Division