|  |  |  |
|---|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT | |
| 2 | FOR THE NORTHERN DISTRICT OF ILLINOIS<br>EASTERN DIVISION | |

| | | |
|---|---|---|
| 3 | JAMES STEWART, | ) No. 18 C 3916 |
| | | ) |
| 4 | Plaintiff, | ) |
| | | ) |
| 5 | vs. | ) Chicago, Illinois |
| | | ) |
| 6 | CREDIT CONTROL, LLC, Resurgent | ) |
| | CAPITAL SERVICES, EXPERIAN | ) |
| 7 | INFORMATION SOLUTIONS, INC., and | ) |
| | LVNV FUNDING LLC, | ) |
| 8 | | ) January 28, 2020 |
| | Defendants. | ) 11:02 a.m. |
| 9 | | |

```
10          TRANSCRIPT OF PROCEEDINGS
     BEFORE THE HON. JEFFREY I. CUMMINGS, MAGISTRATE JUDGE

11   APPEARANCES:

12   For the Plaintiff:    MR. JAMES STEWART, Pro Se

13
     For Defendant
14   Credit Control:       MR. PATRICK A. WATTS
                           Watts Law Group, LLC,
15                         150 South Wacker Drive, Suite 2400,
                           Chicago, Illinois  60606
16
     For Defendant
17   Experian:             MS. JAMIE N. WARD
                           Jones Day,
18                         77 West Wacker Drive, Suite 3500,
                           Chicago, Illinois  60601
19
     For Defendants
20   Resurgent and LVNV:   MR. NABIL G. FOSTER
                           Hinshaw & Culbertson LLP,
21                         151 North Franklin Street, Suite 2500,
                           Chicago, Illinois  60606

22

23
                Patrick J. Mullen, Official Court Reporter
24                  United States District Court
                219 South Dearborn Street, Room 1412
25                    Chicago, Illinois  60604
                        (312) 435-5565
```

1      (Proceedings in open court.)

2           THE PLAINTIFF:  Good morning, Your Honor.  James

3   Stewart for James Stewart.

4           MR. WATTS:  Patrick Watts on behalf of defendant

5   Credit Control.  Good morning, Judge.

6           THE COURT:  Good morning.

7           MR. FOSTER:  Good morning, Your Honor.  Nabil Foster

8   on behalf of LVNV and Resurgent.

9           MS. WARD:  Good morning, Your Honor.  Jamie Ward on

10  behalf of defendant Experian.

11          THE COURT:  Okay.  Good morning, everyone.

12          I have before me three motions for sanctions.  I'm

13  going to start off with Mr. Stewart's motions.  The first

14  motion for sanctions is docket number 155.  It is -- I'd note

15  for the record that this is an identical copy of the motion for

16  sanctions that was filed on June 25th, 2019, as docket entry

17  101.  That motion for sanctions was denied on June 26th, 2019,

18  docket entry 104, and that motion for sanctions will be denied

19  for the same reason today because it's identical and it's

20  already been denied.

21          THE PLAINTIFF:  You say it was denied when, Your

22  Honor?

23          THE COURT:  It was already -- it was denied on June

24  26th, 2019, by my order which is docket entry 104.

25          The second motion for sanctions filed by Mr. Stewart

1   is docket entry 152, and essentially in this motion Mr. Stewart

2   alleges that LVNV and Resurgent failed to sign interrogatory

3   answers that were initially due December 31st, 2018, over a

4   year ago. He further states that his efforts to get

5   verifications were ignored in July on July 15th, 2019, and

6   October 10th -- October 1st, 2019. I want to hear from counsel

7   on that.

8           MR. FOSTER: Yes, Your Honor, I'd be happy to address

9   that. So signed verifications were provided by representatives

10   of both companies, and they were attached to the discovery

11   answers. What Mr. Stewart's motion is essentially about is

12   that he believes that the verification that was signed by the

13   representatives needs to have their address, their email

14   address and phone number.

15           They are representatives of the corporate entity which

16   I represent, so the answers are both -- I signed them and it

17   has all of my contact information, and then the separate

18   verification for the interrogatory answers was attached and

19   signed and dated by a person who's an authorized representative

20   for each one of those entities. So, in fact, there is a

21   verification of the information.

22           His request for the -- his motion for sanctions is

23   based upon a very narrow and perhaps distorted reading of

24   Rule 26 of wanting information regarding someone's email

25   address and phone number, which there is really no point to

1    that because they're represented by counsel which is me.

2         THE COURT:  Okay.  Now, Mr. Stewart, is that correct?

3    Did you receive verifications, but the people who actually

4    verified the interrogatory answers for these two companies

5    didn't provide their phone number and email address?

6         THE PLAINTIFF:  Well, the rule says that they're

7    supposed to provide their address, phone numbers, and contact

8    information.  That's what the rule says.

9         THE COURT:  Okay.

10        THE PLAINTIFF:  So I'm under the impression that the

11   rule means what the rule says, that they should supply their

12   address, telephone number, and stuff like that.

13        THE COURT:  Well, when a party is represented by

14   counsel, whether it's an individual or a corporation as we have

15   here, two corporations, then having the attorney's contact

16   information is sufficient, and there's no requirement in the

17   verification that they put their phone number, their email

18   address, or their personal address with the verification of the

19   interrogatory answers.  So your motion for sanctions number 152

20   will be denied.

21        If you should wish to depose those individuals, then

22   what you would do is serve a notice of deposition upon

23   Mr. Foster to get the -- to have the depositions of these

24   individuals who signed these interrogatory answers scheduled.

25   That's what you'd do if you want to question them about that.

1        But their verifications, from what I've heard here

2    today, are perfectly fine, and there's no basis for anything

3    further or for your motion for sanctions.  So motion number 152

4    is denied.

5        THE PLAINTIFF:  Okay.

6        THE COURT:  Now we have defendants' motion for

7    sanctions due to plaintiff's failure to show up at the

8    court-ordered deposition.  Mr. Stewart, I received -- I see

9    that you filed it on January 24th, but I just received it this

10    morning.  I don't know if defense counsel received it this

11    morning.

12        THE PLAINTIFF:  I noticed that, also.

13        THE COURT:  I received your response this morning.

14    You know, I'll say this about you not showing up for your

15    deposition.  First of all, the rationale or the reason that you

16    gave defense counsel which I saw in here, your notice that you

17    weren't going to appear relies on Federal Rule of Civil

18    Procedure 28 and your interpretation of that rule that because

19    you are the plaintiff in this case and you have a financial

20    interest in this case you understand Rule 28(c) to prevent you

21    from being deposed.

22        You've misunderstood this rule.  I'll just state,

23    first of all, if your understanding was correct, someone who

24    didn't have an attorney in a case could never have their

25    deposition taken.  That's clearly not the law.

1    But more specifically to this rule, what this rule is

2    referring to is a person that gives the oath for the witness

3    who's going to be deposed.  So this would be referring like to

4    the court reporter, whoever swears in the witness.  That's what

5    this rule is concerned with.

6    So, Mr. Foster, for example, could not have one of his

7    partners be the person that is swearing you in for your

8    deposition, or he couldn't have someone from one of his clients

9    swearing you in for the deposition.  That's what this rule is

10   concerned with.  It has absolutely nothing to do with you

11   because you would not be swearing yourself in under oath for

12   your own deposition.  So your reason for not appearing for your

13   deposition was not well-founded in law at all.  There's no

14   basis in law for that, and it directly defied my order.

15   You also indicate in your response and you say that

16   defendants failed to forward a flow recoverable sale agreement

17   to you and that that's the reason or that's another reason that

18   you didn't feel you needed to appear for your deposition.  I'll

19   just say this.  First of all, I don't know whether they sent

20   that to you or not, but it doesn't make any difference.  Number

21   one, you had a court order.  When you came in here, we

22   scheduled that date.  You were here, and we scheduled that date

23   with the opportunity for you to say:  No, I'm not going to be

24   in town, or this is not a good day for me.

25   This date was scheduled with everyone's schedule in

1    mind.  That's why the date was picked.

2          Secondly, there is no right in the Rules of Civil

3    Procedure to sequence things with the depositions so that

4    you're not going to show up until you get something from them.

5    That's not how this works, but it's especially not how this

6    works if you have a court order to appear for a deposition.  So

7    regardless of whether or not they provided this flow

8    recoverable sale agreement to you before the date of your

9    deposition, that is also not a good reason or a valid reason

10   for you not to appear.

11         So just let me address that.  Do you -- has this

12   document been provided to Mr. Stewart, and do you know what

13   this document is that he's referring to?

14         MR. FOSTER:  Yes, Your Honor.  This is -- Your Honor,

15   you've already ruled on this in the previous discovery disputes

16   that we've had.  So this has been the subject of previous

17   contentions or arguments, and Mr. Stewart continues.  Just like

18   he refiled his motion he filed as docket number 101 as 155,

19   this is a rehashing of issues that he disagreed with you on.

20   He asked for you to reconsider, and we're retrying territory

21   over where -- I'm sorry.  My words are getting confused here.

22   We're going over territory that we previously have addressed,

23   and that was part of the discovery disputes that you resolved

24   and put to rest so that the case could move on.

25         The issue at hand is that there is a -- Mr. Stewart

1   wants to try to challenge the ownership interest or the rights
2   of LVNV who claim that they own this particular debt, and what
3   has been produced to him is the actual bill of sale.  That is
4   the contract signed by the parties involved transferring this
5   portfolio of accounts containing his account from the original
6   owner to LVNV, and that's the document upon which ownership is
7   based.

8          Mr. Stewart continues to dig and look for the
9   interpretation of rules or potential documents or outside
10  documents, anything at all to continue this discovery fight in
11  hopes of prolonging this litigation but also avoiding, avoiding
12  his appearing for a deposition to answer questions that he
13  avoided answering in written discovery.

14         So we tried to have some progress in discovery with
15  respect to certain information about his accounts and the
16  payments he made on these accounts from his banking statements.
17  You may recall that it was the subject where we asked for a
18  subpoena to a bank account.

19         THE COURT:  Yes.

20         MR. FOSTER:  Mr. Stewart didn't like that idea, but
21  then he eventually complied.  Then suddenly the bank statements
22  that he said weren't available or he didn't have suddenly
23  appeared, and we had highly redacted bank statements that he
24  found.  He redacted everything except for those payments on the
25  particular dates that match up with the credit card billing

1    statements that are in his name that we are looking for.

2           So the point is this.  We understand that Mr. Stewart

3    is engaged in a -- this litigation seems to be a hobby for him,

4    and there's lots of time spent on this.  And his refusal to

5    show up for the deposition just puts us -- is a problem because

6    it prohibits us from trying to move forward to show that there

7    really is no question in moving for summary judgment for all

8    the parties involved.

9           THE COURT:  Okay.

10          MR. FOSTER:  And all this continues to cost us more

11   and more money.

12          THE COURT:  Okay.  Well, I don't -- I'm not going to

13   characterize this case as a hobby for you, Mr. Stewart.  I

14   believe you filed this case because you believe your rights are

15   being violated.  You may be right or you may be wrong about

16   that.  I'm not ruling on that.

17          THE PLAINTIFF:  Can I say something?

18          THE COURT:  But I do believe that that's why you filed

19   this case.  Now one thing I will say about this document,

20   number 1, it wouldn't matter if we had never addressed this

21   particular document before because you had a court order to

22   show up.  So you had to show up.  The fact that this was not

23   produced, even if we'd never addressed it before, wouldn't be

24   an excuse.  But we have addressed that document before, and I

25   do recall, based upon what Mr. Foster said, that this has been

1  raised and that I've ruled on this issue.  So this is not an

2  excuse for you not to appear, either.

3        You also stated -- and I'm going to give you a chance

4  to respond after I say this.  The very first thing you said in

5  your motion is that somehow appearing for this deposition would

6  be a fraud on the Court.  I can't understand that.

7        THE PLAINTIFF:  Well, can I explain it?

8        THE COURT:  Sure.

9        THE PLAINTIFF:  So LVNV counsel has stated that

10  Capital One NA is the original creditor.  There's no assignment

11  from the original creditor to the alleged purchaser of their

12  debt, which is Capital One National Association USA.  There's

13  another Capital One National Association, I think it is, but

14  there's two different other entities that hasn't -- that does

15  not have a proper assignment to those entities.  So that's why

16  I say there could be a fraud upon the Court because he's trying

17  to get information, personal information, without proving any

18  ownership of the alleged debt.

19        THE COURT:  Well, here, let me say this to you.  What

20  you've just said could possibly be a legal defense to their

21  claim, but it's not a defense to having your deposition

22  taken --

23        THE PLAINTIFF:  Well --

24        THE COURT:  -- and it's not a fraud on the Court.  You

25  brought this lawsuit against these companies.  They didn't sue

1  you, and they're entitled to take your deposition.

2  The other thing I'll say is that you raise the issue
3  of me being biased against you, and this was a matter that you
4  raised before.  I issued a memorandum opinion on this dated
5  August 7th of last year thoroughly going through why what you
6  were saying, the same thing you're saying in this motion, is
7  not grounds for my disqualification or recusal under the laws
8  or under the precedent that governs me, and you just rehashed
9  the same thing.  That's not a basis for you not to show up at
10 your deposition.

11 So what I'm going to do -- and I can tell you there's
12 some very tough authority from the Seventh Circuit Court of
13 Appeals that probably would allow me to grant their motion and
14 dismiss your case based upon your failure to appear in response
15 to a court order after the prior situation we had as well, but
16 I'm not going to do that here today.

17 Here's what I'm going to do.  I'm going to give you
18 21 days to appear for your deposition.  I'm going to instruct
19 defense counsel to give you a list of available dates for
20 deposition, for your deposition in the next 21 days, and it
21 will be up to you whether or not to appear.  But I can tell you
22 if you don't appear, then I'm going to deny their motion
23 without prejudice to its reconsideration after this 21-day
24 period passes.

25 After the discussion we've had today where every

1   reason that you've given for not appearing for your deposition

2   has been addressed and indicated to you that it is not a

3   sufficient cause to defy a court order and appear for your

4   deposition, if you choose not to show up, it's your choice.

5   You can dismiss your case today if you'd like.  There's no

6   requirement that you prosecute your case, but there will be a

7   consequence if you don't.

8         If you don't comply with my order of appearing for

9   your deposition within the next 21 days, there will be severe

10  consequences up to and including the dismissal of your case,

11  and I want to make that warning very clear for you on the

12  record so that on the 22nd day if they refile their motion and

13  you haven't appeared and I enter an order dismissing your case,

14  you won't say:  I didn't know this could happen.

15        I'm telling you here today it can happen.  I'm telling

16  you here that the Court of Appeals sitting up on the 27th floor

17  has dismissed cases for less, whatever you want to call your

18  failure to comply.  For less than what you've done here in this

19  case, they've upheld dismissals.  So this is really your last

20  chance and you need to think about it, but you're going to have

21  to show up.  If you don't show up, the motion will be refiled,

22  I'll rule on it promptly, and we'll take things from there.

23        THE PLAINTIFF:  Your Honor, you said that my motion

24  for sanctions was denied.  I don't remember that being denied.

25  I remember we talked about it, and you asked me did I have --

1  you mentioned something about the motion, but in so many words

2  you said, well, just bring it back.  I don't remember you

3  saying that you canceled it.

4        THE COURT:  No, no, no.  The first motion, your docket

5  entry 155 was the identical version, and I have them both here

6  in front of me.  I don't know what you did.

7        THE PLAINTIFF:  I don't remember we ever talked about

8  it, though.

9        THE COURT:  Maybe you Xeroxed it, but it's exactly the

10  same.

11        THE PLAINTIFF:  Yeah, it's the exact same motion.

12        THE COURT:  And it was denied by my order on June

13  26th, 2019, docket entry 104.  It was denied.

14        THE PLAINTIFF:  I'm going to have to take a look at it

15  because I don't remember that happening.

16        THE COURT:  Well, you can take another look at it, but

17  it was denied and it's denied again today because there's no

18  merit to it.  But the identical motion was denied.  So your

19  choice is very clear.  You appear for your deposition in the

20  next 21 days or the consequence that has been suggested by

21  defendants' motion is almost certain to be the consequence for

22  you.  They're going to give you a series of dates to select and

23  work out a time that's convenient for you.

24        You have no vacations in the next 21 days, right?

25  You're going to be in town?

1    THE PLAINTIFF:  I don't know what's going to happen in
2  21 days.

3    THE COURT:  Well, you don't know of anything right
4  now.  You don't know of any conflict.  You know of nothing here
5  that would prevent you from having your deposition taken in the
6  next 21 days, is that right?

7    THE PLAINTIFF:  I do have some other cases that I'm
8  dealing with.

9    THE COURT:  Well, again, it's up to you, but if I were
10  you I would make this case a priority because right now you're
11  hanging by a thread.  But it's up to you.  The case will go
12  forward if you get your deposition taken, but if you don't,
13  it's up to you, but there's going to be a severe consequence
14  for you.  This is the last chance.

15    So, counsel, what I'd like you to do is by tomorrow
16  you can inform Mr. Stewart by whatever means that you
17  communicate with him, email, mail, of the available dates.

18    Mr. Stewart, the onus will be on you to pick a date
19  and a time from what they give to you to say:  Yes, I'm coming
20  to this deposition.

21    If you don't correspond to their correspondence about
22  the dates that are available and 21 days passes, then it's a
23  failure to appear.

24    MR. WATTS:  Your Honor, I do have one concern.  Given
25  that this isn't just a failure to appear on the part of

1    Mr. Stewart, that this is a counsel actually sitting in a room

2    after traveling to it with a court reporter and then

3    Mr. Stewart not showing up for the deposition, obviously

4    there's costs involved in that.  The Court can do whatever it

5    wants with that, but if we go through the same process and he

6    doesn't respond and give us dates, or even if he does, I

7    envision substantial additional attorney's fees being incurred

8    and cost for the court reporter by all counsel of record.

9         So failure to appear is part of the reason we filed

10   the motion, but it's not -- it's failure to appear with no

11   notice, and I think that adds a whole other layer of costs.

12        THE COURT:  Well, I'm glad you brought that up because

13   it appears, although his reason for not appearing was

14   frivolous, he did give you notice he wasn't coming, is that

15   correct?

16        MR. FOSTER:  Your Honor, he gave notice of 5:00 --

17   after 5:00 p.m. on the day before the deposition was scheduled.

18        THE COURT:  Okay.

19        MR. FOSTER:  So we were unable to cancel the court

20   reporter whose invoice I have because at that point there was

21   no way for us to be able to cancel the court reporter without

22   incurring the cost of that because he --

23        THE COURT:  Well, I'm going to take that into

24   consideration.

25        So, Mr. Stewart, if you don't appear this time, you

1    know, the possible consequence might not only be the dismissal

2    of your case but also the award of costs and fees that would be

3    associated with your failing to appear for your depositions

4    over time.  So that's another additional potential consequence

5    for you.

6        But right today I'm not going to order you to pay the

7    appearance fee of the court reporter today, because even though

8    you gave notice very late in the day you did provide notice.

9    It's not justifying your action by any means, but it's simply a

10   point that they did know before the date of the deposition that

11   you weren't coming.

12       MR. WATTS:  And our point is that there was a court

13   order requiring the deposition to occur on that day, so we --

14       THE COURT:  You know --

15       MR. WATTS:  I understand, though.

16       THE COURT:  -- I'm not happy about this, either.

17       MR. WATTS:  I don't know what else we would have done.

18   I think we had to show up per the Court order.

19       THE COURT:  Well, I think you -- I mean, you probably

20   were wise to show up, because if you hadn't shown up and then

21   he showed up then you've got an issue there, Mr. Watts.

22       But this is what I'm going to do for today.  This is

23   the last chance, Mr. Stewart.  They've asked for what would be

24   reasonable requests for relief against you, if not the

25   dismissal of your case, at least the payment of certain costs.

1    I'm not going to order that here today.

2            That's my order, 21 days from today, which will be?

3            THE CLERK:  February the 18th.

4            THE COURT:  February 18th, your deposition must be

5    taken by then.  Again, I think we've discussed some of the

6    things that can and can't take place during your deposition

7    because of what I -- and I want to spend a minute on that.  I

8    don't want you to show up and just start refusing to answer

9    questions.  You're going to have to answer any questions that

10   they pose to you because there is no privilege that you have

11   not to answer any questions.  They're going to give you

12   professional questions that are related to the subject matter

13   of this case, and you're going to have to answer their

14   questions.

15           If you obstruct the deposition unreasonably by not

16   answering questions that relate to this case, then that will be

17   taken into consideration as well in terms of possible

18   consequences that can follow.  So don't think that you can just

19   show up and not give any testimony.

20           So that's where we are, but I want you to clearly know

21   what's coming.  All you have to do is show up and answer the

22   questions and your case will go forward.  You'll be able to

23   raise the issue that you believe they don't have a proper

24   assignment for your debt.  That can be something asserted in

25   response to their motions that they're going to file, and it

1  might be a legal defense.  I'm not ruling on that.

2  THE PLAINTIFF:  So isn't it a violation of due process

3  to have them depose me before --

4  THE COURT:  No, it is not a violation of due process.

5  THE PLAINTIFF:  I'm just asking a question.  I don't

6  mean to upset you.  I'm just asking.

7  THE COURT:  No, no, no.  I'm just telling you that the

8  Federal Rules of Civil Procedure that you're relying upon to

9  avoid coming to your deposition provide for your deposition.

10  I'm just saying that it's not a violation.  You're getting due

11  -- you're getting more due process than they would argue you

12  deserve right now by getting another chance.

13  MR. WATTS:  The rules are themselves due process.

14  THE COURT:  Yes.

15  MR. WATTS:  That's the point of the rules.

16  THE COURT:  So you're entitled.  I'm not upset.  I

17  just want you to get and I want everyone to get the discovery

18  done, and then the case goes where it goes.  I'm not ruling on

19  whether it should be dismissed.  That's for Judge Norgle on the

20  merits, but I do have authority within this confine.  If you

21  don't show up, I can make a ruling on that and I will.  Okay?

22  So are we clear?  Everything is clearly understood,

23  Mr. Stewart?

24  THE PLAINTIFF:  Well, I still have some issues, but I

25  think it's good enough for right now.

1    THE COURT:  I hope so.  Okay?

2    Go ahead, Mr. Foster.

3    MR. FOSTER:  Thank you, Your Honor.  What I'd like to

4    say, just to inform the Court, what we did last time in trying

5    to make the deposition be useful for everyone showing up is

6    that, one, we had the previous court order for Mr. Stewart to

7    show up on a particular date and we sent him a list of the

8    topics, the general topics.  Generally under the rules you

9    don't have to do that, but to make this a little bit easier we

10   sent a list.

11   THE COURT:  I saw that, yes.

12   MR. FOSTER:  Okay.  So we sent a list of topics which

13   are not particularly onerous.  You know, it's simple things

14   like for him to confirm, you know, this particular thing, like

15   does he know anything about this business entity called ZRT

16   Consulting and his use of a particular address itself at

17   Harvard Street and his use of an address at South Laflin

18   Street.  These things are not particularly complex.

19   My point in bringing this up is that we'll send the

20   same list of topics, Your Honor.  Last time we were here, we

21   inquired about your schedule because collectively,

22   unfortunately, we anticipate Mr. Stewart refusing to answer

23   questions based upon other issues that he comes up with or

24   arguments and, therefore, frustrating and defeating the purpose

25   of the deposition.

1          So the only question that I have for Your Honor is

2  this.  Are there certain days in the afternoons after your

3  motion call where you are more likely to be available for us to

4  call you to try to resolve issues?

5          THE COURT:  Tuesday and Thursday afternoons are

6  typically best.  Did you attach that list to your motion?

7          MR. FOSTER:  No, Your Honor.  I do have a copy if

8  you'd like me to tender it.

9          THE COURT:  If you can, tender it to my deputy here.

10         MR. WATTS:  There's no way to conduct the deposition

11  physically here, is there?

12         THE COURT:  Well, there is, you know, but I'm not

13  going to find that that's --

14         MR. WATTS:  Required, yeah.

15         THE COURT:  -- necessary.

16         MR. WATTS:  I was just curious, yeah.

17         THE COURT:  That's been done.

18         Mr. Stewart, I'm taking a look at this list of topics.

19  There are 21 subjects listed in this list of deposition topics.

20  I'm going to include in my order today that these 21 subjects

21  that are referenced in the topics for deposition of plaintiff

22  James Stewart are appropriate subjects of inquiry for your

23  deposition and that you will have to answer questions regarding

24  these matters.  That will be included in my order today.

25         So I'm going to hang on to this just so I have this.

1   Do you have a copy of this?  This has been submitted to you?

2              THE PLAINTIFF:  No, huh-uh.

3              MR. FOSTER:  Yes, it has, Your Honor.

4              THE COURT:  Okay.

5              MR. FOSTER:  But I brought an extra copy for just this

6   type of situation.

7              THE COURT:  Okay.

8              MR. FOSTER:  If I may tender a copy of the exact --

9              THE COURT:  The record will reflect that Mr. Foster is

10  tendering a copy of the same deposition topics that I have in

11  front of me to Mr. Stewart in open court.  This is going to be

12  part of my order.  So if you choose not to answer questions

13  regarding these subject matters, that will be a violation of my

14  order and will subject you to appropriate sanctions and

15  penalties.  So that's going to be my ruling for today.

16              Any further questions?

17              MS. WARD:  Yeah.  May I just briefly clarify, Your

18  Honor, that Mr. Stewart's deposition is not limited to the

19  topics contained in that?

20              THE COURT:  It's not limited to these topics --

21              MS. WARD:  Thank you.

22              THE COURT:  -- but these are the only topics I'm going

23  to pre-clear.  There may be some other background issues that

24  they may want to ask you about.  Again, I will just tell you,

25  Mr. Stewart, on your ability not to answer questions in your

1   deposition, essentially you have to answer questions if they

2   have any bearing on the subject matter of this case, any

3   bearing, any relationship to it.  So I'm cautioning you not to

4   refuse to answer these questions.

5          So that will be my ruling for today.  I hope your

6   deposition takes place.  But again, Mr. Stewart, it's going to

7   be up to you whether you want to show up and answer the

8   questions, but if you don't there will be consequences that you

9   face.  Thank you, and I hope everyone has a good rest of the

10  day.

11          THE PLAINTIFF:  All right.  Thank you.

12          MR. FOSTER:  Thank you, Your Honor.

13          MS. WARD:  Thank you, Your Honor.

14          MR. WATTS:  Thank you, Your Honor.

15      (Proceedings concluded.)

16              C E R T I F I C A T E

17          I, Patrick J. Mullen, do hereby certify the foregoing
    is an accurate transcript produced from an audio recording of
18  the proceedings had in the above-entitled case before the
    Honorable JEFFREY I. CUMMINGS, one of the magistrate judges of
19  said court, at Chicago, Illinois, on January 28, 2020.

20                      /s/ Patrick J. Mullen
                        Official Court Reporter
21                      United States District Court
                        Northern District of Illinois
22                      Eastern Division

23

24

25