# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES STEWART, | No. 18-cv-03916 |
| Plaintiff, | Judge John F. Kness |
| v. | |
| CREDIT CONTROL, LLC; RESURGENT CAPITAL SERVICES, L.P.; EXPERIAN INFORMATION SOLUTIONS, INC.; and LVNV FUNDING, LLC. | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

In this multi-count action against various financial services entities, Plaintiff James Stewart, acting *pro se*, contends that the defendants violated his rights in obtaining Stewart's consumer credit report. In particular, Stewart alleges that Defendant Credit Control, LLC, violated the Fair Credit Reporting Act ("FCRA") when it procured Stewart's credit report from the consumer reporting agency Experian Information Solutions, Inc. According to Stewart, Credit Control lacked a "permissible purpose" under the FCRA in pulling his credit report. Credit Control disagrees and moves to dismiss Count I of Stewart's First Amended Complaint ("FAC") on the basis that it had a "permissible purpose"—namely, collecting on a debt—when it obtained Stewart's credit report.

Credit Control is correct: Stewart's own exhibits to the FAC establish that

Credit Control obtained Stewart's credit report for the permissible purpose of collecting a debt. Numerous courts have explained that pulling a consumer's credit report in an effort to collect a debt does not violate the FCRA. Given this well-established law, the allegations of the FAC show that Credit Control did not violate the FCRA. Stewart has, therefore, failed to state a plausible claim, and Credit Control's motion to dismiss must be granted. This dismissal is without prejudice, however, meaning that Stewart will be given the opportunity to make one more attempt at pleading a viable claim against Credit Control.

## BACKGROUND

LVNV Funding, LLC hired Credit Control, a debt collector, to collect on a debt Stewart owed to LVNV. Dkt. 40, FAC ¶ 8; Dkt. 1, Compl., Exh. 7. On January 25, 2017, Credit Control requested Stewart's credit report from Experian, a consumer reporting agency. FAC ¶ 18; Compl., Exh. 6. On February 3, 2017, Credit Control sent Stewart a letter informing him that his "account [had] been purchased by LVNV Funding LLC" and had been assigned to Credit Control for collection. FAC ¶ 26; Compl., Exh. 7 (listing "Capitol One N.A." as the "Original Creditor").

Stewart determined on March 5, 2018 that "his credit report had been pulled" by Credit Control. FAC ¶ 24. Acting *pro se*, Stewart then filed this multi-count lawsuit against Credit Control, Resurgent Capital Services, L.P., Experian, and LVNV, alleging violations of the FCRA, 15 U.S.C. § 1681, *et seq.* (against all defendants) and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (against LVNV only). In Count I of his FAC, which is directed solely at Credit Control, Stewart

2

alleges that Credit Control violated the FCRA because it did not have a "permissible purpose" for obtaining his credit report. *Id.* ¶ 50. Credit Control now moves to dismiss Count I of Stewart's complaint for failure to state a claim. Dkt. 106, at 1.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal punctuation omitted). Documents attached to a complaint are considered part of the complaint. Fed. R. Civ. P. 10(c).

As the Seventh Circuit has explained, this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). Where a case is brought by a *pro se* plaintiff, the district court must construe the complaint "liberally and hold [the *pro se* plaintiff] to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

But even under the less-stringent standard for *pro se* plaintiffs, a complaint still "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

3

*Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). But although factual allegations are assumed to be true, mere legal conclusions are not. *Iqbal*, 556 U.S. at 678-79. Either way, a plaintiff "can plead himself out of court by including factual allegations that establish that the plaintiff is not entitled to relief as a matter of law." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

## ANALYSIS

Enacted in 1970, the FCRA was intended "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). To that end, the FCRA imposes civil liability for anyone who willfully or negligently obtains a consumer's credit report for a purpose not authorized under the statute. 15 U.S.C. §§ 1681b(f), 1681n(a), 1681o(a). Impermissible uses of a consumer's credit report include the evaluation of a person associated with a corporate opponent in litigation; the harassment of an adversary; or to discuss a person's financial issues among coworkers. *See, e.g.*, *Ippolito v. WNS, Inc.*, 864 F.2d 440, 450 (7th Cir. 1988); *Heath v. Credit Bureau of Sheridan, Inc.*, 618 F.2d 693, 696 (10th Cir. 1980); *Doe v. Saftig*, 2011 WL 1792967, at *7 (E.D. Wis. May 11, 2011).

It is, however, a "complete defense to a claim under Section 1681b" if a party

4

has a "permissible purpose" for obtaining a consumer's credit report. *Betz v. Jefferson Capital Systems, LLC*, 68 F. Supp. 3d 130, 133 (D.D.C. 2014). Numerous permissible purposes are enumerated in the FCRA; these include that a person or entity can permissibly obtain a consumer's credit report if the requestor "intends to use the information in connection with a credit transaction involving the consumer . . . and . . . involving the . . . *review or collection of an account*[ ] of the consumer." 15 U.S.C. § 1681b(a)(3)(A) (emphasis added). The "review or collection of an account" includes "a debt collector's attempt to collect a debt." *Braun v. United Recovery Systems, LP*, 14 F. Supp. 3d 159, 166 (S.D.N.Y. 2014).

Collection of a debt by a debt collector, therefore, is a "permissible purpose" for obtaining a consumer's credit report under the FCRA. *See Miller v. Wolpoff & Abramson, LLP*, 309 Fed. App'x 40, 43 (7th Cir. 2009) (nonprecedential disposition) (obtaining a credit report on behalf of an owner of a debt is a permissible purpose under the FCRA). Although there appears to be a paucity of published Seventh Circuit cases construing § 1681b(a)(3)(A) in the context of a debt-collection attempt, numerous decisions from other courts accord with the nonprecedential disposition in Miller. *See, e.g.*, *Ramirez v. Mandarich Law Grp., LLP*, 2019 WL 1426015, at *2 (N.D. Ill. Mar. 29, 2019) (defendant was "right that obtaining a credit report in connection with the collection of a debt is permissible under the FCRA"); *Smith v. John P. Frye, P.C.*, 2011 WL 748363, at *3 (N.D. Ill. Feb. 24, 2011) ("Atlantic Credit referred Smith's account to Frye, a debt collector under the FCRA. Therefore Frye had a permissible purpose for obtaining Smith's credit report") (internal citation omitted);

5

*Criddell v. Transunion, LLC,* 2010 WL 1693093, at *4 (N.D. Ill. Apr. 27, 2010) ("Because Torres was acting as a debt collection agency, it had a legitimate reason to obtain Criddell's credit report, and he has failed to state a claim that Torres acted unlawfully under the FCRA"); *Thomas v. U.S. Bank, N.A.,* 325 F. App'x 592, 593 (9th Cir. 2009) ("requesting a credit report with the intent to collect on a debt is among the 'permissible purposes' listed in the FCRA"); *Trinh v. Weltman, Weinberg & Reis Co., L.P.A.*, 2012 WL 5824799, at *2 (N.D. Ind. Nov. 14, 2012) (obtaining a consumer's credit report for the purpose of collecting on an account "does not amount to a violation of the FCRA because such use is authorized by statute as a permissible purpose").

In resolving Credit Control's motion to dismiss, the key question is whether Stewart has adequately alleged that Credit Control had no permissible purpose for obtaining his credit report. Stewart admits that Credit Control is a "debt collector." This admission is well-founded, because the documents Stewart attached to the complaint show clearly that Credit Control obtained Stewart's credit report to collect on a debt.[1] FAC ¶ 8; Compl., Exh. 7. But Stewart nonetheless maintains that Credit Control did not have a "permissible purpose" for obtaining his credit report. FAC ¶ 50.

---

[1] The FAC refers to exhibits that were not actually attached to the FAC; rather, Stewart previously included them as attachments to his original complaint (Dkt. 1). Because the exhibits are central to the claims set forth in the FAC, the Court may properly consider these exhibits in resolving the motion to dismiss. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) ("[W]e have taken a broader view of documents that may be considered on a motion to dismiss, noting that a court may consider, in addition to the allegations set forth in the complaint itself . . . documents that are central to the complaint and are referred to in it.")

6

Stewart's allegation runs into the legal brick wall laid out above: obtaining a consumer's credit report to help collect a debt is a permissible purpose under the FCRA. In this sense, then, Stewart's conclusory allegation amounts to a " 'formulaic recitation of the elements of [his] cause[s] of action' " that, without more, fails to state claim. *See Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555); *see also Betz*, 68 F. Supp. 3d at 133 ("Although plaintiff may subjectively believe that defendant obtained his credit report for some impermissible purpose, he must support that belief with some factual allegations"); *Pyle v. First Nat. Collection Bureau*, 2012 WL 1413970, at *4 (E.D. Cal. Apr. 23, 2012) (granting motion to dismiss and holding that "Plaintiff's bare assertion that Defendant violated the FCRA, without providing a factual basis for those assertions, does not sufficiently state a claim.")

Stewart's allegation that he "never applied for credit with" Credit Control (FAC ¶ 25) is presumptively correct—but immaterial to the resolution of this motion. It is "not necessary for [a plaintiff] to have had direct dealings with [a defendant]" for that defendant to lawfully obtain a consumer report, provided the defendant obtained the consumer report "in conjunction with its collection activities." *Hinkle v. CBE Grp.*, 2012 WL 681468, at *3, (S.D. Ga. Feb. 3, 2012). Stewart's allegation that he never sought credit from Credit Control has nothing to do with whether Credit Control violated the FCRA when it pulled Stewart's credit report.

Stewart also contends that what Credit Control characterizes as its "soft pull" of Stewart's credit report (*see* Dkt. 107, at 1)) is not listed as a "permissible purpose" under 15 U.S.C. § 1681b(a)(3)(A). Dkt. 121, at 4. *Cf. Ramirez*, 2019 WL 1426015, at *1

7

("The major difference between the two methods [*i.e.*, 'soft' versus 'hard' credit inquiries] is that hard credit inquiries, unlike soft inquiries, can be discovered by third-parties accessing a consumer's credit report for a period of two years after the date the hard inquiry was made"). As explained above, however, Credit Control acted with a permissible purpose when it obtained Stewart's credit report to collect a debt. There is no requirement that the FCRA exhaustively provide the details of every *method* of obtaining a consumer credit report—what matters is whether the *purpose* for the pull was permissible. In this case, it was.

In the end, Stewart has failed to allege adequately that Credit Control is not a debt collector nor that he did not in fact owe the debt that Credit Control was attempting to collect. Because Credit Control is a debt collector and debt collection is a permissible purpose for obtaining a consumer's credit report under the FCRA, Stewart has failed to state a claim against Credit Control. *See Smith v. Encore Capital Grp., Inc.*, 966 F. Supp. 2d 817, 823 (E.D. Wis. 2013) (collecting cases and holding that obtaining a person's credit report in the course of attempting to collect the person's debt is a "permissible purpose" under the FCRA).

## CONCLUSION

Because a debt collector's attempt to collect on a debt is a permissible purpose for obtaining a consumer's credit report under the FCRA, Credit Control's motion to dismiss is granted. Out of due deference to Stewart's status as a *pro se* litigant, the Court dismisses Count I of the FAC without prejudice. If he believes he can cure the pleading deficiency identified in this opinion, Stewart has until June 5, 2020 to file a

second amended complaint. If Stewart does not file an amended complaint by June 5, 2020, the dismissal will convert to a dismissal with prejudice of Count I of the First Amended Complaint.

SO ORDERED.

Date: May 8, 2020

                                              JOHN F. KNESS
                                              United States District Judge