IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES STEWART | ) | |
| | ) | |
| Plaintiff | ) | No.  18 C 3916 |
| | ) | |
| v. | ) | District Judge John F. Kness |
| | ) | |
| CREDIT CONTROL LLC, *et al.* | ) | Magistrate Judge Jeffrey Cummings |
| | ) | |
| Defendants | ) | |

**ORDER**

Plaintiff's motion to take judicial notice [167], motion to stay discovery [168], and motion for sanctions [182] are denied.

**STATEMENT**

Plaintiff James Stewart ("Stewart") has engaged in a long-standing effort to persuade this Court that defendant LVNV Funding LLC ("LVNV") has failed to show that it owns the credit account that forms the basis of this lawsuit.  LVNV acquired Stewart's account from the original credit holder, and all parties agree that LVNV has produced a bill of sale for its purchase.  Stewart has complained that the bill of sale does not specifically reference his account.  Although this document has not been provided to the Court, LVNV's counsel has explained that is because the purchase involved a large number of accounts.  Nevertheless, LVNV provided Stewart with the portion of its "receivable file" that identified Stewart's account as one of the items that was transferred from the credit holder to LVNV via the bill of sale.  (Dckt. #129 at 20).

Stewart has repeatedly refused to accept LVNV's explanation and has argued instead that it must produce a document known as a "Forward Flow Agreement" – which he claims should have accompanied the bill of sale – in order to demonstrate ownership.  Stewart's claims on this topic have been addressed at length in open court and are not repeated here.  As this Court found on April 25, 2019 and reiterated on July 11, 2019, defendants have produced all discovery that is relevant to LVNV's ownership of Stewart's credit account. (Dckt. #128 at 15-18; Dckt. #129 at 28-31).  Despite these rulings, Stewart has continued to raise this issue – most recently after he refused to appear for the December 3, 2019 deposition ordered by this Court.  Stewart attempted to justify his refusal to be deposed, in part, on the ground that he was entitled to obtain a copy of the Forward Flow Agreement first.  The Court rejected Stewart's argument on January 28 and January 29, 2020 and ordered his deposition to take place within 21 days.  (Dckt. ##158, 159).

1

Stewart disobeyed that order by again citing the absence of the Forward Flow Agreement. (Dckt. #173). He also stated that he did not need to appear for his deposition because he planned to file a motion to stay discovery. (Dckt. #162 at Ex. B). On February 21, 2020, he followed through with that statement by filing the instant motion to stay and a motion to take judicial notice of facts related to the Forward Flow Agreement. On March 5, 2020, he also filed a motion for sanctions on the same issue. The Court denies these motions for the reasons stated below.

### 1. The Motion to Take Judicial Notice is Denied

Federal Rule of Evidence 201 provides that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(1)-(2). Judicial notice is mandatory when a party requests it and provides the necessary information, Fed.R.Evid. 201(c)(2), and a court may do so at any stage of a case. Fed.R.Evid. 201(d).

Stewart asks the Court to take judicial notice "of the fact that Defendant counsel for LVNV has produce[d] a document 'Bill of Sale' without the accompanying the [sic] Forward Flow Receivable Sale Agreement that spell[s] out the rights, title, and interest the Junk Debt Buyer has in the allege[d] account to establish proof of standing." (Dckt. #167 at 1-2). Stewart claims that the bill of sale states that it was delivered pursuant to a Forward Flow Agreement that was executed on January 17, 2017. As he has done throughout this litigation, Stewart argues that LVNV cannot show ownership of his debt account without producing the Forward Flow Agreement.

It is not entirely clear what Stewart is asking the Court to consider in this request. In part, he wants the Court to take note that LVNV produced a bill of sale, even though LVNV has already admitted that fact in open court. (Dckt. #129 at 20, "we produced the bill of sale"). In addition, he appears to want the Court to take judicial notice of what the bill of sale does *not* include: the Forward Flow Agreement and language about "rights, title, and interest" that is allegedly found in that document but not in the bill of sale. Stewart claims that this missing information is crucial to demonstrating that LVNV has standing in this case, though it is not clear if he is asking the Court to take judicial notice of such a conclusion. Establishing that point is clearly the goal of Stewart's motion because he claims that – absent information about title and interest – his motion to stay discovery should be converted into a motion for summary judgment.

It is not necessary to define the issue more precisely because Rule 201 does not apply to any aspect of Stewart's request. Stewart cannot rely on Rule 201(b)(1) because nothing about LVNV's purchase of his credit account or the documents that accompanied it is "generally known" within the Court's territorial jurisdiction. For Rule 201(b)(2) to apply, Stewart must state facts that can be accurately derived "from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2). Generally speaking, "sources" under Rule 201(b)(2) are limited to "documents the authenticity of which [is] not disputed by the parties . . . and official public records." *O'Hara v. Diageo-Guinness, USA, Inc*., 306 F.Supp.3d 441, 450 (D.Mass. 2018) (internal quotes and citations omitted). That can include materials as varied as

government documents, public records, court files, dictionaries, reference works, or maps. *See* 21B Wright, Miller, and Cooper, Federal Practice and Procedure, § 5106.2 (3d ed. 2020).

Contrary to this requirement, Stewart has not provided any "sources" as part of his motion. That includes the bill of sale that he wants the Court to judicially note that LVNV produced. A court cannot take judicial notice of a document – much less the "facts" that can reasonably be derived from it – when the document is unavailable. *See Weber v. Trinity Meadows Raceway, Inc.*, No. 4:92-CV-267-Y, 1996 WL 477049, at *5 n.1 (N.D.Tex. June 20, 1996) (stating that a court cannot take notice of facts whose sources have not been provided by the party). In essence, Stewart wants the Court to take note of his own *summary* of the bill of sale and its alleged deficiencies. That is inappropriate because a "court cannot take judicial notice of statements which paraphrase or summarize allegations, as such statements are arguably inaccurate, and therefore, subject to reasonable dispute[.]" *Balanced Body University, LLC v. Zahourek Systems, Inc.,* No. CIV S–13–1606 LKK/EFB, 2014 WL 66722, *2 (E.D.Cal. Jan. 7, 2014) (internal quotes omitted).

Insofar as Stewart wants the Court to take notice of his claim that LVNV lacks standing, that is outside the parameters of Rule 201. The Rule only permits courts to take judicial notice of *facts* and not of opinions or legal conclusions. *See United States v. Daley*, 378 F.Supp.3d 539, 546 (W.D.Va. 2019) (stating that "[j]udicial notice of legal conclusions or legal reasoning . . . would be inappropriate" under Rule 201).

The "essential prerequisite" for taking judicial notice of an adjudicative fact is its indisputability. *Berry Plastics Corp. v. Intertape Polymer Corp.*, No. 3:10 CV 00076, 2015 WL 8131080, at *1 (S.D.Ind. Dec. 4, 2015). That is clearly missing here because Stewart's motion is based on allegations instead of facts that "can be accurately and readily determined from sources who accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2). The motion is therefore denied.

**2. The Motion to Stay Discovery is Denied**

Stewart also asks that discovery in this case be stayed until LVNV turns over the Forward Flow Agreement that would "validate" its ownership of Stewart's credit account. Stewart cites his Document Request No. 9, which sought the Agreement. He claims that discovery should be stayed because "Defendant's evidence purporting to establish a complete chain of title as to the Plaintiff['s] alleged debt is insufficient to meet its burden of production of a valid assignment." (Dckt. #169 at 2).

The Court does not address the specifics of Stewart's claim or the cases that he cites because all discovery related to LVNV's ownership of his credit account has been completed as of April 25, 2019. The Court stated in a hearing on that date that defendants had produced everything that was relevant to LVNV's purchase and transfer of Stewart's account. (Dckt. #128 at 16-17, "So that has all been produced to you. So there's nothing more I'm going to order his two clients, LVNV and Resurgent, to produce to you."). Indeed, the Court has now explained this matter to Stewart on *five* different occasions. In addition to the April 25 finding, the Court reiterated its decision on June 26, 2019; at a July 11, 2019 hearing; at a January 28, 2020 hearing; and in the Court's January 29, 2020 written order. The Court also specifically cited

3

Document Request No. 9 on July 11, 2019 when it denied Stewart's motion for reconsideration and found that LVNV had fully responded to Request No. 9. (Dckt. #129 at 28-31).

The Court's numerous rulings on the Forward Flow Agreement issue have been clear and direct. Stewart may not believe that he is bound by them – indeed, it is difficult to imagine why he continues to raise the issue if that were not the case – but "litigants who decide to play by rules of their own invention will find that the game cannot be won." *United States v. Golden Elevator, Inc.,* 27 F.3d 301, 302 (7th Cir.1994), *quoting Northwestern National Insurance Co. v. Baltes,* 15 F.3d 660, 663 (7th Cir. 1994). The Court can only state one last time that all discovery on LVNV's purchase of Stewart's account has been produced by defendants and is complete**.** The motion is denied.

### 3. The Motion for Sanctions is Denied

Finally, Stewart seeks sanctions against LVNV. Stewart states that his motion is brought pursuant to Rule 26(g) but appears to mean that LVNV has allegedly violated requirements under that Rule. Rule 26(g) states in relevant part that discovery responses must be signed by an attorney and that by doing so the attorney certifies that any discovery objection is "(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and [is] (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." Fed.R.Civ.P. 26(g)(1)(B)(ii)-(iii).

Stewart once more raises the Forward Flow Agreement to claim that LVNV violated these requirements. He states that LVNV has engaged in "bad faith discovery" by failing to turn over the Agreement. He notes that LVNV objected to his Document Request No. 9 discussed above as seeking information that is irrelevant, disproportionate to the needs of the case, and involving confidential information that required a confidentiality agreement. Stewart alleges that these responses are "unreasonable, unduly burdensome," and needlessly increased the cost of litigation. (Dckt. #182 at 5). He also claims that LVNV's "bad faith" has denied him the Forward Flow Agreement that can settle the question of whether LVNV owns Stewart's credit account. (*Id*. at 3).

Stewart overlooks that he has already brought a motion for sanctions against LVNV based on the alleged shortcomings of its objections to Request No. 9. (Dckt. #101). The Court denied the motion on June 26, 2019 and stated that "[a]ll defendants have responded to plaintiff's written discovery and provided responsive documents to him." (Dckt. #104). As explained above, moreover, Stewart's allegations about the Forward Flow Agreement are without merit because the Court has found numerous occasions that LVNV has completed its discovery obligations to Stewart. Moreover, any delay in the discovery process has stemmed from Stewart himself and not LVNV. That fact is amply evidenced by Stewart's repeated refusal to appear for his deposition and by filing the instant motion for sanctions and motion to stay discovery on grounds that have already been decided. The motion for sanctions is denied.

4

ENTER:

_____
**Hon. Jeffrey Cummings**
**United States Magistrate Judge**

**Dated: June 4, 2020**