IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES STEWART,<br><br>    Plaintiff,<br><br>    v.<br><br>CREDIT CONTROL, LLC; RESURGENT CAPITAL SERVICES, L.P.; EXPERIAN INFORMATION SOLUTIONS, INC.; and LVNV FUNDING, LLC.<br><br>    Defendants. | No. 18-cv-03916<br><br>Judge John F. Kness |

**MEMORANDUM OPINION AND ORDER**

Plaintiff James Stewart, acting *pro se*, brought this multi-count lawsuit on June 5, 2018 against Credit Control, LLC ("Credit Control"), Resurgent Capital Services, L.P. ("Resurgent"), Experian Information Solutions, Inc, and LVNV Funding, LLC ("LVNV"), alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (against all defendants) and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (against LVNV only). *See generally* Dkt. 1; Dkt. 40. The previously assigned district judge referred this matter to Magistrate Judge Michael Mason for discovery supervision, and the case was later reassigned to Magistrate Judge Jeffrey Cummings. Dkt. 66; Dkt. 67.

On February 19, 2020, LVNV and Resurgent filed a motion for sanctions and asked that this case be dismissed with prejudice considering Stewart's alleged failure

to permit discovery. Dkt. 162. LVNV and Resurgent also requested attorney's fees for both the instant motion for sanctions and for an earlier motion for sanctions, as well as costs related to the court reporter for Stewart's court-ordered deposition at which he failed to appear. *Id.* at 3. On June 5, 2020, Judge Cummings entered a thorough report and recommendation and concluded that this case should be dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) for failure to permit discovery. Dkt. 199. Pursuant to Fed. R. Civ. P. 72, Stewart filed objections to the report and recommendation on June 22, 2020. Dkt. 203. For the following reasons, the Court overrules the objections and adopts the report and recommendation in its entirety.

I. **LEGAL STANDARD**

Any review of a magistrate judge's report and recommendation falls under Rule 72 of the Federal Rules of Civil Procedure, which provides for *de novo* review by the district judge:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). *De novo* review requires the Court to give fresh consideration to the issues about which specific objections were made and to reach a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). But "[b]eing persuaded by the magistrate judge's reasoning, even after reviewing the case independently, is perfectly consistent with *de novo* review." *Id.*

2

For any parts of a report and recommendation to which a party does not object or only partially objects, the district court judge "reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Under the clear error standard, the district judge "can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

## II. ANALYSIS

At the outset, the Court notes that Stewart's objections to the report and recommendation were untimely. The report and recommendation specifically advised Stewart of the rules governing reports and recommendations, including the specific rule that objections must be filed within 14 days from the date the report was issued. Dkt. 199 at 16. Judge Cummings's June 5, 2020 docket entry even specifically advised Stewart that his objections were "due by 6/19/2020[.]" *Id*. Nevertheless, Stewart did not file his objections until June 22, 2020—three days after the deadline set forth in Rule 72. *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations"). Despite Stewart's untimeliness, the Court accepted the filing primarily out of deference to Stewart's *pro se* status. Dkt. 210.

Stewart filed seventeen pages of objections. Dkt. 203. Although he appears to have tied his objections to specific paragraphs in the report and recommendation, it

3

is difficult for the Court to parse the specific nature and context of all his objections. It appears that Stewart's main objection, which he repeats no fewer than 13 times, is that it would be improper to dismiss his case for failure to appear at his deposition because giving deposition testimony would violate his Fifth Amendment right not to serve as "witness against himself." *See, e.g., id.* at 1.

This objection is without merit and is overruled. The Fifth Amendment states that no person "shall be compelled in any criminal case to be a witness against himself'[.]" U.S. Const. amend. V. A deponent may assert this right to remain silent in a civil deposition if his answer may incriminate him in a future criminal proceeding. *Kastigar v. United States*, 406 U.S. 441, 444–45 (1972). The Fifth Amendment does not, however, normally allow a plaintiff to avoid his own deposition in his own civil case. "Given liberal federal discovery rules, the inapplicability of the Fifth Amendment's protection against self-incrimination, and the need to prove their case, civil litigants almost always must testify in depositions." *Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 510 (1989). A "plaintiff who retreats under the cloak of the Fifth Amendment cannot hope to gain an unequal advantage against the party he has chosen to sue. To hold otherwise . . . would enable [a] plaintiff to use his Fifth Amendment shield as a sword." *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1087 (5th Cir. 1979).

While it may sometimes be proper for a deponent to invoke the Fifth Amendment in a civil deposition, the Court would only be able to make that assessment if Stewart had actually appeared for his deposition and invoked the

4

privilege in response to a specific question. The Court cannot rule on whether a deponent's answer to a question might be incriminating except in the context of an actual, propounded question. *See Estelle v. Smith*, 451 U.S. 454, 462 (1981) (availability of the privilege turns on nature of the statement and the exposure it invites). Because Stewart never appeared for his deposition, he was never asked any specific questions that may have warranted the invocation of the Fifth Amendment. Stewart may not invoke the Fifth Amendment as a "shield and sword" to avoid testifying at his own deposition in a civil case he chose to bring.

More broadly, Stewart's invocation of the Fifth Amendment at this late stage of the litigation smacks of a last-ditch effort to save his case from dismissal. The Court has serious doubts about the validity of Stewart's Fifth Amendment concerns, especially considering he has raised this argument for the first time in his objections to the magistrate judge's report and recommendation. If Stewart truly had Fifth Amendment concerns—and there has been no suggestion in this case thus far that Stewart faces potential criminal jeopardy—he should have brought those concerns to the attention of the magistrate judge at one of the many status hearings held in the past year.

Stewart also appears to object to the report and recommendation on the grounds that dismissal of his case would be an "extreme" measure given his *pro se* status. This objection also fails. As discussed in detail in the report and recommendation, the court ordered Stewart on July 30, 2019 to appear for his deposition no later than August 30, 2019. Dkt. 127. Stewart, apparently in search of

5

an attorney to represent him at that deposition, declined to appear. Dkt. 199 at 4. The court gave Stewart until October 31, 2019 to find an attorney and clearly warned him that, even if he did not find counsel to represent him, he would still be required to appear at his deposition. Dkt. 177 at 6. The court then ordered Stewart to be deposed on December 3, 2019. Dkt. 141. For the second time, Stewart disregarded the Court's order and declined to appear. Dkt. 143, Ex B. Defendants moved for sanctions, but the court denied the motion and granted Stewart one last chance to appear for his deposition within 21 days. Dkt. 178 at 13-14. The court made clear to Stewart that if he failed to appear a third time, there would be "severe consequences up to and including the dismissal of [his] case[.]" *Id.* at 12. The court also issued a written order again warning him that failure to appear could result in the dismissal of his case. Dkt. 159. Stewart nonetheless chose to defy the court's order and failed to appear for a third time. *See* Dkt. 199 at 7-8.

Based on a thorough analysis of applicable law, Judge Cummings concluded that Stewart's history of blatant and repeated disregard for multiple court orders directing him to appear for his deposition warranted dismissal of his case with prejudice under Rule 37(b)(2)(A)(v). Based upon its *de novo* review of Judge Cummings's report and recommendation, the Court agrees with his conclusion. As the Seventh Circuit recently instructed, a plaintiff's "willful failure to appear at his deposition [is] cause enough" to justify dismissal with prejudice. *Cartwright v. Silver Cross Hosp.*, No. 19-2595, —F. 3d—, 2020 WL 3287021, at *3 (7th Cir. June 18, 2020) (citing *Collins v. Illinois*, 554 F.3d 693, 696–97 (7th Cir. 2009)). In direct defiance of

6

the court's orders, Stewart failed to appear at his deposition three times. Even though Stewart appears *pro se*, such willful disregard of the court's orders cannot be tolerated.

Finally, to the extent that Stewart claims in his objections that the other parties' alleged discovery violations—such as LVNV's alleged failure to produce the "forward flow agreement" document he requested, *see, e.g.*, Dkt. 203 at 4—gave him a valid reason to ignore the court's order to appear at his deposition, the Court finds those excuses unavailing as well. Judge Cummings addressed these discovery concerns at length in his report and recommendation (which, as noted, the Court has reviewed *de novo* and adopts in full). But even after the magistrate judge recommended dismissal with prejudice and explained to Stewart in great detail why his discovery objections were not a valid reason to avoid his deposition, Stewart still clearly believes that his case should not be dismissed because Defendants allegedly did not provide the discovery he asked for. In Stewart's recent response in opposition to Credit Control's motion to dismiss, Stewart rehashes these infirm arguments yet again despite Judge Cummings's previous rulings. *See* Dkt. 211. Far from calling into doubt the recommended sanction of dismissal, Stewart's headstrong conduct proves just the opposite: that no sanction short of dismissal with prejudice will put these issues to rest and permit Defendants the discovery to which they are manifestly entitled.

7

### III. CONCLUSION

Having carefully reviewed the thorough report and recommendation prepared by Judge Cummings (Dkt. 199), the Court adopts the report and recommendation in its entirety and accepts the recommended disposition. In so doing, the Court acknowledges the caution of the Court of Appeals that dismissal with prejudice is a "harsh sanction" that should only be used "when there is a clear record of delay or contumacious conduct[.]" *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983). Having conducted its own *de novo* review, the Court is confident that this is one of those cases with such a clear record of contumacious conduct: Stewart's behavior—specifically, his willful disregard of multiple court orders requiring him to give deposition testimony—justifies dismissal with prejudice under Rule 37(b)(2)(A)(v). This is so in spite of Stewart's *pro se* status, for "even those who are *pro se* must follow court rules and directives." *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012).

Defendants' motion for sanctions (Dkt. 162) is granted in part and denied in part. The Court dismisses this case with prejudice but denies Defendants' request for fees. Each party shall bear its own costs. If Stewart wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment, *see* Fed. R. App. P. 4(a)(1), and must pay the $505 appellate filing fee. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Defendant Credit Control, LLC's motion to dismiss (Dkt. 201) is denied as moot. Civil case terminated.

SO ORDERED in No. 18-cv-03916.

Date: July 7, 2020

                                          JOHN F. KNESS
                                          United States District Judge